

**UNIVERSITY COUNSEL**

September 20, 2021

**VIA ELECTRONIC MAIL**
Mr. Peter Breen
Thomas Moore Society
309 W. Washington St.
Suite 1250
Chicago, IL 60606
pbreen@thomasmoresociety.org

      Re: ██████████

Dear Mr. Breen:

This letter is in response to your September 15, 2021 letter challenging the University of Colorado's denial of Dr. ██████████ request for religious exemption from the campus requirement that all University of Colorado Anschutz Medical Campus faculty be immunized against COVID-19 by September 1, 2021.  Dr. ██████ is a critical care doctor in the Pediatric Intensive Care Unit ("PICU") at the Colorado Springs location of Children's Hospital Colorado.

You argue that the University's denial of Dr. ██████ request is in violation of the First Amendment and state statute. You are incorrect for the following reasons:

## I.   There has been no First Amendment violation

The University has committed no violation of the First Amendment's Free Exercise Clause. As an initial matter, there is no constitutional right to be exempt from a vaccination requirement based on religious beliefs. *See*, *e.g.*, *Nikolao v. Lyon*, 875 F.d 310, 316 (6th Cir. 2017); *Caviezel v. Great Neck Pub. Sch.*, 739 F. Supp. 2d 273, 285 (E.D.N.Y. 2010) *aff'd*, 500 F. App'x 16 (2d Cir. 2012) ("[T]he free exercise clause of the First Amendment does not provide a right for religious objectors to be exempt from [the state] compulsory inoculation law."). The United States Supreme Court has explained that:

> [A state's police power] is not nullified merely because the parent grounds his claim to control the child's course of conduct on religion or conscience. Thus [a parent] cannot claim freedom from compulsory vaccination for the child more than for himself on religious grounds. The right to practice religion freely does not include liberty to expose the community or the child to communicable disease or the latter to ill health or death.

*Prince v. Massachusetts*, 321 U.S. 158, 165-66 (1944) (citing *Jacobson v. Commonwealth of Massachusetts*, 197 U.S. 11, 39 (1905) (upholding the mandatory smallpox vaccination



**UNIVERSITY COUNSEL**

requirement for all citizens)). *See also Workman v. Mingo County Bd. of Educ.*, 419 F. App'x 348, 353-54 (4th Cir. 2011) ("[F]ollowing the reasoning of *Jacobson* and *Prince*, we conclude that the West Virginia statute requiring vaccinations as a condition of admission to school does not unconstitutionally infringe [plaintiff's] right to free exercise.") (collecting cases); *Phillips v. City of New York*, 775 F.3d 538, 543 (2d Cir. 2015) ("New York law goes beyond what the Constitution requires by allowing an exemption for parents with genuine and sincere religious beliefs."); *Whitlow v. California*, 203 F. Supp. 3d 1079, 1084 (S.D. Cal. 2016) (upholding California law that removed religious exemption to vaccination mandate, stating that "it is clear that the Constitution does not require the provision of a religious exemption to vaccination requirements . . . ."). Just last month, the Court of Appeals for the Seventh Circuit upheld a similar vaccine mandate imposed by Indiana University, stating that "[g]iven *Jacobson v. Massachusetts*, 197 U.S. 11 (1905), which holds that a state may require all members of the public to be vaccinated against smallpox, there can't be a constitutional problem with [a university requiring] vaccination against SARS-CoV-2." *Klaassen v. Trustees of Indiana University*, 7 F.4th 592, 593 (7th Cir. 2021).

Second, where, as here, a state actor chooses to provide a religious exemption for sincerely held religious beliefs, it does not violate individuals' free exercise rights for the state actor to determine that their objection to the vaccine is based on personal or secular reasons, and not religious considerations. *See Mason v. Gen. Brown Cent. Sch. Dist.*, 851 F.2d 47, 51–52 (2d Cir. 1988); *Farina v. Bd. of Educ.*, 116 F. Supp. 2d 503, 508 (S.D.N.Y. 2000); *NM v. Hebrew Acad. Long Beach*, 155 F. Supp. 3d 247, 257–59 (E.D.N.Y. 2016); *Caviezel*, 701 F. Supp. 2d at 427–30 (E.D.N.Y 2010). "Court[s] may, as in any state of mind inquiry, draw inferences from the plaintiffs' words and actions, in determining whether they hold genuine and sincere religious beliefs against inoculations." *Farina*, 116 F. Supp. 2d at 508. Even when the facts show that a plaintiff is devoutly religious, denial of an exemption is appropriate where the plaintiff's opposition to vaccination is a selective personal belief, as opposed to a religious one. *NM*, 155 F. Supp. 3d at 258; *Caviezel*, 701 F. Supp. 2d at 429–30.

Importantly, an individual's assertion that his or her belief is religious does not automatically make it so. *Mason*, 851 F.2d at 51; *see also Sherr v. Northport-East Northport Union Free Sch. Dist.*, 672 F. Supp. 81, 94 (E.D.N.Y. 1987). "To the contrary, 'a threshold inquiry into the "religious" aspect of particular beliefs and practices cannot be avoided,' if [courts] are to determine what is in fact based on religious belief, and what is based on secular or scientific principles." *Mason*, 851 F.2d at 51 (internal citations omitted).

## II.   Accommodating Dr. ▮▮▮▮▮ Request for a Religious Exemption Poses an Undue Hardship under Title VII.

The University adopted its COVID-19 Vaccination Policy for the purpose of protecting the health and safety of the campus community, including the patients treated in University, UC Health, and Children's Hospital clinics. The University determined that a mandatory vaccination requirement for its employees and students is the best way to accomplish this goal.



**UNIVERSITY COUNSEL**

A recent study by the Centers for Disease Control and Prevention found that individuals who have not been vaccinated were nearly five times more likely to be infected with COVID-19 than vaccinated people. In addition, the study found that unvaccinated people are about 29 times more likely to be hospitalized with COVID-19 than those who are fully vaccinated.[1]

To require an employer to bear more than a *de minimis* cost in order to accommodate an employee's religion imposes undue hardship on the employer and is thus not a reasonable accommodation under Title VII. *Trans World Airlines, Inc. v. Hardison*, 432 U.S. 63, 84 (1977).

An employer is not required to provide a reasonable accommodation if it would pose a "direct threat" to the safety of the employee or others which cannot be eliminated or reduced by reasonable accommodation. *See Jarvis v. Potter*, 500 F.3d 1113, 1121 (10th Cir. 2007) (under the ADA); *Turner v. Hershey Chocolate U.S.*, 440 F.3d 604, 614 (3d Cir. 2006) (ADA); *Draper v. U.S. Pipe & Foundry Co.*, 527 F.2d 515, 521 (6th Cir.1975) (safety considerations are highly relevant in determining whether a proposed accommodation would produce an undue hardship on the employer's business); *Robinson v. Children's Hosp. Bos.*, No. CV 14-10263-DJC, 2016 WL 1337255, at *8 (D. Mass. Apr. 5, 2016) (granting employer's motion for summary judgment in a case involving employee's refusal to get a flu vaccine for religious reasons, holding that "[u]ndue hardship can also exist if the proposed accommodation would 'either cause or increase safety risks or the risk of legal liability for the employer.'"); *Kalsi v. New York City Transit Auth.*, 62 F. Supp. 2d 745, 757–58 (E.D.N.Y. 1998), *aff'd*, 189 F.3d 461 (2d Cir. 1999) (where a proposed accommodation for a religious practice threatens to compromise safety in the workplace, an undue burden is easy to establish).

Dr. ███ treats the sickest children in her current role in the Pediatric Intensive Care Unit, and a large number of the patients she will encounter there are not yet eligible to be vaccinated, making them particularly vulnerable to a COVID-19 infection resulting in serious illness. Accommodating Dr. ███ request for religious exemption from the vaccination mandate would present a direct threat to the health and safety of our patients and staff, and thus would impose an undue hardship on the University.

Likewise, removing Dr. ███ duties that require in-person interaction with patients and staff would impose an undue hardship on the University. "An employer incurs an undue hardship if it must 'bear more than a de minimis cost in order to'" provide reasonable accommodation the employee's religious practice. *Tabura v. Kellogg USA*, 880 F.3d 544, 557 (10th Cir. 2018); *see also Hardison*, 432 U.S. at 84.

"The factors to be considered in determining whether an accommodation would cause an employer undue hardship are, among others: the nature and cost of the accommodation; the number of persons employed by the company; the financial resources of the company; and the

---

[1] *Morbidity and Mortality Weekly Report*, Centers for Disease Control and Prevention, August 27, 2021.



**UNIVERSITY COUNSEL**

impact of the accommodation upon the operation of the company." *Smith v. Midland Brake, Inc., a Div. of Echlin, Inc.*, 180 F.3d 1154, 1178 (10th Cir. 1999). "The cost of hiring an additional worker or the loss of production that results from not replacing a worker who is unavailable due to a religious conflict can amount to undue hardship." *Tabura*, 880 F.3d at 557–58. Courts have held that the employer is not required to create a new position in order to accommodate an employee, or transform a temporary light duty position into a permanent position. *See Buskirk v. Apollo Metals*, 307 F.3d 160, 169 (3d Cir. 2002) (analyzing ADA duty to accommodate).[2]

Dr. ███████ particular skills in the PICU will be difficult to replace, and yet, the University cannot allow her to continue in her current role as an unvaccinated individual because she would pose a direct threat to the health and safety of her pediatric patients. As a result, Dr. ███████ is effectively unavailable to perform her job duties due to her religious belief and to accommodate her religious belief clearly poses an undue hardship.

The preservation of health and safety of our patients, students, staff, and faculty is of utmost importance to the University during the public health crisis caused by COVID-19. The University's immunization requirement is vital to that goal. We sincerely urge Dr. ███████ to reconsider her position and receive a COVID-19 vaccine, so she can provide patient care to pediatric patients in the intensive care unit of Children's Hospital Colorado without presenting a health and safety risk to patients, colleagues, and herself.

I have conferred with the School of Medicine, and the decision to deny Dr. ███████ religious exemption request will not be reconsidered.

Sincerely,

Kimberly Spiering
Senior Associate University Counsel,
Office of University Counsel
13001 E. 17th Place  Aurora, CO 80045
Telephone: 303-724-9283
Kimberly.Spiering@ucdenver.edu

---

[2] The ADA cases are applicable to religious discrimination cases under Title VII, as a "claim of religious discrimination under Title VII is similar to a claim under the ADA because, in both situations, the employer has an affirmative obligation to make a reasonable accommodation." *Thomas v. Nat'l Ass'n of Letter Carriers*, 225 F.3d 1149, 1155 n. 5 (10th Cir. 2000).