### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-2637-RM

Jane DOE, M.D., and John DOE,

    Plaintiffs,

v.

The UNIVERSITY OF COLORADO; Donald ELLIMAN, Chancellor of the University of Colorado Anschutz, in his official capacity; and Shanta ZIMMER, M.D., Senior Associate Dean of Medical Education, University of Colorado Anschutz, School of Medicine, in her official capacity,

    Defendants.

---

### DEFENDANTS' OPPOSITION TO MOTION TO PROCEED ANONYMOUSLY

---

Defendants oppose Plaintiffs' Motion to Proceed Anonymously (ECF #6) on the following grounds:

### INTRODUCTION

This lawsuit challenges the constitutionality of the vaccine policy at the University of Colorado Anschutz Medical Campus. Pointing to media, online, and late night commentary, along with remarks from President Biden, Plaintiffs claim they fear that their identification in this lawsuit will expose them to a "top-down, cultural, societal, and legal assault currently underway against those who forgo receiving COVID vaccination…." (ECF #6 at 2.)

But "[l]awsuits are public events." *M.M. v. Zavaras*, 139 F.3d 798, 803 (10th Cir. 1998), so "[o]rdinarily, those using the courts must be prepared to accept the public scrutiny that is an inherent part of public trials," *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000). Because

Plaintiffs have failed to identify anything suggesting this lawsuit is one of the few exceptions to this general rule, the Court should deny Plaintiffs' motion to proceed anonymously.

## LEGAL STANDARD

"No federal statute or rule of procedure supports the practice" of proceeding anonymously in a lawsuit. *Phillips v. Austin Police Dep't*, 828 F. App'x 508, 510 (10th Cir. 2020) (unpublished). "To the contrary, the Federal Rules of Civil Procedure mandate that all pleadings contain the name of the parties, *see* Fed. R. Civ. P. 10(a), and Rule 17(a) specifically states that '[e]very action shall be prosecuted in the name of the real party in interest.'" *Femedeer*, 227 F.3d at 1246. "However, the Tenth Circuit has recognized three 'exceptional' circumstances in which permitting a party to proceed under a pseudonym is appropriate: (1) 'cases involving matters of a highly sensitive and personal nature,' (2) cases involving a 'real danger of physical harm,' or (3) 'where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity.'" *Doe v. Berkshire Life Ins. Co. of Am.*, 2020 WL 3429152, at *1 (D. Colo. June 23, 2020) (citations omitted). Not surprisingly, given the narrowness of these exceptions, "[p]roceeding under a pseudonym in federal court is, by all accounts, an unusual procedure." *Femedeer*, 227 F.3d at 1246 (quoting *Zavaras*, 139 F.3d at 800); *see also Lindsey v. Dayton-Hudson Corp.*, 592 F.2d 1118, 1125 (10th Cir. 1979) (noting that "[m]ost of the cases permitting the practice [of proceeding under a pseudonym] have involved abortion, birth control, and welfare prosecutions involving abandoned or illegitimate children");. *Roe v. Minguela*, 2018 WL 4148261, at *11 (D. Colo. Aug. 30, 2018) (granting motion by sexual assault victims to proceed under a pseudonym, but warning that should the case proceed to trial, the trial would be fully open to the public).

# ARGUMENT

**I.    Plaintiffs have not identified any "exceptional" circumstance that would permit them to proceed anonymously.**

Plaintiffs argue that this case "involves matters of a 'highly sensitive and personal nature' because [they] would otherwise be disclosing to the entire public their personal status as to whether they have received a COVID-19 vaccine…." (ECF #6 at 2.) In particular, they point to the "top-down, cultural, societal, and legal assault currently underway against those who forgo receiving COVID vaccination, especially in the health care industry." (ECF #6 at 2.) This is not enough. In general, the impact of even sensitive medical information on one's professional reputation is insufficient to support an anonymous filing. *See Berkshire Life Ins. Co. of Am.*, 2020 WL 3429152, at *2 (finding that plaintiff's mental illness, even if arguably socially stigmatized and "viewed in the context of his former position as president and CEO of a nationwide business," was "insufficient to constitute an 'exceptional' circumstance warranting leave to proceed anonymously"). And in the vaccine context more specifically, one court has rejected a motion to proceed anonymously made by military affiliates who opposed the Department of Defense anthrax vaccine program, finding that their fear of being "labeled unpatriotic," among other things, for objecting to the vaccine was not enough. *Doe v. Von Eschenbach*, 2007 WL 1848013, at *1-2 (D.D.C. June 27, 2007).

Plaintiffs further contend that their "[i]dentification would pose a substantial risk of retaliatory physical or mental harm to [them] and their families in part given the explicit death threats and 'terrorist' labels being hurled at those who are forgoing the vaccines." (ECF #6 at 2.) This purported fear is based on media, online, and late night show comments, as well as comments by President Biden taken out of context, about those who decline the vaccine. (ECF

#6 at 2-3.) None of these comments is about Plaintiffs or this lawsuit. Indeed, cases challenging the COVID-19 vaccine mandates have been prosecuted by named plaintiffs all across the country.[1] And there are no reports of any of those plaintiffs being attacked or placed in danger. Without "any evidence that reflects disapproval of the instant lawsuit within the relevant community or suggests they would be the target of actual threats, harassment, or retaliation," Plaintiffs have, at best, pointed to "unsubstantiated potential for an adverse public reaction[, which] does not establish a compelling reason to depart from the requirements of Rule 10(a)." *Freedom from Religion Found., Inc. v. Cherry Creek Sch. Dist. #5*, 2009 WL 2176624, at *6 (D. Colo. July 22, 2009) (citing *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Estate*, 2008 WL 4755674, at *4 (D. Haw. 2008) (concluding that "news articles about physical attacks … not connected to any of the parties in this action, nor … involv[ing] threats against anyone challenging Defendants' admissions policy … are not evidence of threats against Plaintiffs")).

## II.  The public interest weighs in favor of requiring Plaintiffs to identify themselves.

"[T]he public has an important interest in access to legal proceedings." *Femedeer*, 227 F.3d at 1246. *See also Doe v. FBI*, 218 F.R.D. 256, 258 (D. Colo. 2003) ("Courts are public institutions which exist for the public to serve the public interest."). Despite this precedent, Plaintiffs argue that "[t]here is a uniquely weak public interest in knowing the litigants' identities here because this case involves purely legal issues," namely the constitutionality of

---

[1] *See, e.g.*, *Maniscalco v. New York City Dep't of Educ.*, 2021 WL 4344267, at *1 (E.D.N.Y. Sept. 23, 2021), *aff'd*, 2021 WL 4814767 (2d Cir. Oct. 15, 2021); *Valdez v. Grisham*, 2021 WL 4145746, at *2 (D.N.M. Sept. 13, 2021); *Harris v. Univ. of Massachusetts, Lowell*, 2021 WL 3848012, at *1 (D. Mass. Aug. 27, 2021); *Klaassen v. Trustees of Indiana Univ.*, 2021 WL 3073926, at *2 (N.D. Ind. July 18, 2021).

"the COVID-19 vaccine mandate promulgated by the University." (ECF #6 at 4.) But if anything, the broad nature of Plaintiffs' challenge weighs against allowing Plaintiffs to proceed anonymously. For example, considering the constitutionality of a sex offender registration statute, the Tenth Circuit observed that "the public has an important interest in access to legal proceedings, particularly those attacking the constitutionality of popularly enacted legislation." *Femedeer*, 227 F.3d at 1246.

Plaintiffs further argue that Defendants "are not prejudiced by allowing Plaintiffs to sue anonymously." (ECF #6 at 4.) Not so. The Tenth Circuit has noted that proceeding anonymously "obviously may cause problems to defendants engaging in discovery and establishing their defenses, and in fixing res judicata effects of judgments." *Coe v. U.S. Dist. Ct. for Dist. of Colorado*, 676 F.2d 411, 415 (10th Cir. 1982). If Plaintiffs' motion is granted, Defendants must defend themselves publicly, while Plaintiffs make their accusations "from behind a cloak of anonymity." *Doe v. Merck & Co., Inc.*, 2012 WL 555520, at *3 (D. Colo. Feb. 17, 2012) (citation omitted). This runs contrary to "[b]asic fairness, [which] requires that where a plaintiff makes [serious allegations of deliberate wrongdoing] publicly, he should stand behind those accusations…." *Doe v. Heitler*, 26 P.3d 539, 543 (Colo. App. 2001) (quoting *Doe v. Ind. Black Expo, Inc.*, 923 F. Supp. 137, 141-42 (S.D. Ind. 1996)).

Finally, Plaintiffs posit that "[i]n this cultural climate, requiring [them] to disclose their identities would create the significant possibility that blatantly unconstitutional rules like the one … here would go unchallenged in the judiciary and incentivize even more obviously unconstitutional policies in this and other states." (ECF #6 at 4.) As argued in Defendants' opposition to Plaintiffs' motion for a preliminary injunction (ECF #15), the policy at issue is not

unconstitutional. But more to the point here, this speculation provides no basis to excuse Plaintiffs from identifying themselves. To the contrary, "when courts require litigants to use real names, they encourage suits by the most zealous, passionate, and sincere litigants, those who are willing to place their personal and public stamp of approval upon their causes of action … which is in the interest of both the public and the courts." *Qualls v. Rumsfeld,* 228 F.R.D. 8, 13 (D.D.C. 2005).

WHEREFORE, Defendants respectfully request that the Court deny Plaintiffs' motion and order them to identify themselves.

DATED: October 20, 2021.

Respectfully submitted,

*s/ Hermine Kallman*
Hermine Kallman
Senior Assistant University Counsel
Special Assistant Attorney General
University of Colorado, Office of
University Counsel
1800 Grant Street, Suite 700
Denver, CO 80203
303-860-5691
Hermine.Kallman@cu.edu
*Attorney for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 20, 2021, I electronically filed the foregoing with the Court's electronic filing system (CM/ECF) which will automatically cause notification to be sent to the following counsel of record:

Peter Breen
Martin Whittaker
Thomas More Society
309 W. Washington, Suite 1250
Chicago, IL 60606

Michael McHale
Thomas More Society
10506 Burt Circle, Ste. 110
Omaha, NE 68114

Joseph Brown
Theresa Lynn Sidebotham
Telios Law PLLC
19925 Monument Hill Dr.
Monument, CO 80132

*Counsel for Plaintiffs*

*s/ Linda Ruth Carter*
Linda Ruth Carter, Paralegal