IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Raymond P. Moore**

Civil Action No. 21-cv-02637-RM

JANE DOE, M.D., and
JOHN DOE,

    Plaintiffs,

v.

UNIVERSITY OF COLORADO,
DONALD ELLIMAN, Chancellor of the University of Colorado Anschutz School of Medicine, in his official capacity, and
SANTA ZIMMER, M.D., Senior Associate Dean of Medical Education, University of Colorado Anschutz School of Medicine, in her official capacity,

    Defendants.

---

## ORDER

Before the Court is Plaintiffs' Motion for a Temporary Restraining Order and a Preliminary Injunction (ECF No. 2). After the parties informed the Court they had reached agreement with respect to Plaintiffs' request for a temporary restraining order, the Court deemed that request withdrawn, and briefing on the request for a preliminary injunction proceeded. (*See* ECF Nos. 15, 17.) For the reasons below, the Court now denies the requested preliminary injunction.

**I.**    **LEGAL STANDARDS**

To obtain injunctive relief, a plaintiff must establish "(1) a substantial likelihood of prevailing on the merits; (2) irreparable harm unless the injunction is issued; (3) that the threatened injury outweighs the harm that the preliminary injunction may cause the opposing

party; and (4) that the injunction, if issued, will not adversely affect the public interest." *Diné Citizens Against Ruining Our Environment v. Jewell*, 839 F.3d 1276, 1281 (10th Cir. 2016) (quotation omitted). Because injunctive relief is an extraordinary remedy, the plaintiff's right to relief must be clear and unequivocal. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). If the injunction will (1) alter the status quo, (2) mandate action by the defendant, or (3) afford the movant all the relief that he could recover at the conclusion of a full trial on the merits, the movant must meet a heightened burden. *Id.* at 1259.

## II.   BACKGROUND

Plaintiffs, a pediatric physician employed by Defendant University of Colorado and a medical student at the Anschutz School of Medicine, allege that they have sincere religious objections to the Covid-19 vaccines currently available to them. Both requested and were denied religious exemptions from Defendants' vaccination policy which took effect on September 1, 2021. However, unbeknownst to Plaintiffs when they filed their Complaint on September 29, Defendants repealed and replaced that policy on September 24. In their Reply in support of their request for a preliminary injunction, Plaintiffs state that they "will amend their Complaint to reflect the new policy." (ECF No. 17 at 5 n.5.) Nonetheless, they maintain that they remain in need of an injunction on the September 1 policy, which caused Plaintiff Jane Doe to be placed on indefinite administrative leave and Plaintiff John Doe to take a leave of absence.

## III.   ANALYSIS

Plaintiffs seek a disfavored form of relief that would alter the status quo and mandate action by Defendants, and therefore they have a high burden to meet. With respect to the September 1 policy, Plaintiffs have not shown that their claims are not moot in light of the

superseding September 24 policy. Unlike the restrictions on gatherings in *Roman Catholic Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63 (2020), that shifted depending on how an area was classified, there is no indication on the current record that Defendants might reinstate the September 1 policy as conditions related to the Covid-19 pandemic evolve. In light of Plaintiffs' failure to make a threshold showing as to mootness, the Court finds they have not shown a likelihood of success on the merits with respect to their claims premised on the September 1 policy.

With respect to the September 24 policy, the Court declines to attempt to ascertain what claims Plaintiffs wish to assert. In their Reply, they state they "will be imminently amending their complaint" and seek to "incorporate by reference the arguments in that impending motion." (ECF No. 17 at 9.) But the Court is not in the business of considering arguments that have not yet been made. Thus, with the case in its current posture, the Court finds Plaintiffs have not shown a likelihood of success on the merits with respect to their claims premised on the September 24 policy.

IV.  **CONCLUSION**

Therefore, the Court DENIES Plaintiff's Motion (ECF No. 2) with respect to his request for a preliminary injunction.

DATED this 25th day of October, 2021.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge