IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| JANE DOES 1-11 &JOHN DOES 1 & 3-7,<br><br>  Plaintiffs,<br><br>  v.<br><br>BOARD OF REGENTS, *et al.*,<br><br>  Defendants. | No. 21-cv-2637-RM-NYW<br><br>The Hon. Raymond P. Moore<br>U.S. District Judge<br><br>The Hon. Nina Y. Wang<br>U.S. Magistrate Judge |

### PLAINTIFFS' MOTION TO TEMPORARILY STAY PROCEEDINGS ON DEFENDANTS' MOTION TO DISMISS, AND UNOPPOSED MOTION TO EXTEND RESPONSE DEADLINE

Plaintiffs respectfully submit this Motion to Temporarily Stay proceedings on Defendants' Motion to Dismiss (ECF No. 76) until the Tenth Circuit decides Plaintiffs' pending preliminary injunction appeals, involving many of the same legal issues underlying Defendants' Motion (Case Nos. 21-1414, 22-1047). Plaintiffs also move for a 21-day extension until March 31, 2022, to respond to Defendants' Motion to Dismiss.

### CERTIFICATE OF CONFERRAL

Pursuant to this Court's Local Rules, Plaintiffs have conferred with Defendants about this Motion. Defendants oppose Plaintiffs' motion to temporarily stay proceedings on Defendants' Motion to Dismiss. Defendants do not oppose Plaintiffs' motion to extend their response deadline to March 31, 2022.

### INTRODUCTION

Defendants' Motion to Dismiss (ECF No. 76) seeks to dismiss this case entirely, during the pendency of Plaintiffs' interlocutory appeals from this Court's prior orders denying

1

Plaintiffs' motions for preliminary injunction. (*See* ECF Nos. 76, 21, 65.) Under this Court's Local Rules, Plaintiffs must respond by March 10, 2022 (i.e., 21 days after the filing of Defendants' motion). (D.C.COLO.LCiv.7.1(d).)

However, a temporary stay of proceedings[1] on Defendants' Motion to Dismiss is warranted here for at least the following reasons: (1) A number of legal issues that Defendants say justify dismissal are *identical* to those Plaintiffs are raising in the pending appeals, and thus judicial economy and efficiency warrant awaiting the Tenth Circuit's decision on those very issues before moving forward here; (2) Plaintiffs are currently pursuing their statutory civil rights on related claims through the required administrative process—the employee Plaintiffs through Title VII claims in the EEOC and the student Plaintiffs through public accommodation discrimination charges in the Colorado Civil Rights Commission. Plaintiffs intend to merge these claims into this lawsuit once they obtain right to sue letters from those agencies, and thus a stay would avoid disfavored piecemeal litigation; and (3) the immunity defenses raised by Defendants, even if all true, do *not* eliminate this Court's subject matter jurisdiction over this case and thus would amount to piecemeal litigation, unless considered with the actual merits (which, again, should be stayed). Accordingly, a temporary stay on these proceedings is appropriate.

Additionally, given Plaintiffs' recent and impending briefing deadlines in the Tenth Circuit, which post-date the filing of Defendants' Motion, Plaintiffs are in need of a 21-day extension until March 31st to respond.

## REASONS FOR GRANTING STAY AND EXTENSION

**I.   TEMPORARY STAY.**

---

[1] The Court previously struck all initial case deadlines, (ECF No. 46), after Plaintiffs appealed the denial of their initial motion for preliminary injunction. Discovery has not yet commenced.

### A. Overlapping Identical Legal Issues.

The issues overlapping between Defendants' Motion to Dismiss and Plaintiffs' pending appeals are at least the following:

- Whether the claims of six Plaintiffs whom Defendants have allowed to work remotely or in isolation (i.e., Jane Does 4 and 6, John Does 3, 4, 5, and 7), and the claim of Jane Doe 7, who succumbed to initial vaccination under duress but continues to religiously oppose future COVID vaccination, are moot. (*See* Defs.' Mot. 9-10.)

- Whether challenges to the September 1 Policy are moot—including those by Jane Does 2 and 9, who were denied solely under the September 1 Policy before separating from the University, and who were not reconsidered under the September 24 Policy and now seek an injunction restoring them to the status quo. (Defs.' Mot. 10-11.)

- Whether the actions of Defendants Elliman, Zimmer, Mediavilla, and Holland were a "constitutional violation," contrary to their assertion of qualified immunity in Defendants' Motion to Dismiss. (Defs. Mot. 14-15.) Indeed, in their Motion, Defendants argue these four have qualified immunity for reasons "explained in more detail in *infra* Section IV"—which section argues more generally that Plaintiffs have failed to state a claim for, among other things, Free Exercise and Establishment Clause violations, which are two of the very issues Plaintiffs are raising in their appeals to the Tenth Circuit. (Defs.' Mot. 15, 17-26.)

- Whether Defendants' policies and actions violated the Free Exercise, Establishment, and Equal Protection Clauses, and, by transitive effect, whether they violated the Colorado Constitution. (See Defs.' Mot. at 17-29.)

For purposes of judicial economy and efficiency, this Court should stay its hand in further ruling on these issues until the Tenth Circuit passes judgment on them in Plaintiffs' pending appeals. Indeed, a stay would not prejudice Defendants' interests at all. If Plaintiffs lose their appeals on the mootness and constitutional issues on purely legal grounds, such rulings may become law of the case, allowing this Court to grant Defendants' Motion to Dismiss on those same grounds based on the Tenth Circuit's decision. However, should Plaintiffs prevail on those issues in the Tenth Circuit, this Court may similarly be able to deny Defendants' Motion to Dismiss, based on that decision. But should this Court deny a stay, and decide to grant Defendants' Motion to Dismiss in full, Plaintiffs must incur the filing and related costs of appealing from such dismissal and then seek consolidation with their currently pending appeals, which already present many of the exact same issues. Thus, given that denial of a stay would likely prejudice Plaintiffs but that granting a stay would not prejudice Defendants, a stay is plainly in the best interests of the judicial system and both parties here. *See Morgan v. Collect Assocs., Ltd.*, No. 12-C-1255, 2013 WL 2634288 (E.D. Wis. June 11, 2013) (unpublished) (conducting similar analysis with respect to two separate but related cases, with one subject to a pending appeal and the other subject to a pending motion to dismiss).

### B.  Avoiding Piecemeal Merits Litigation.

Additionally, as noted, Plaintiffs are currently pursuing statutory civil rights claims through the administrative process and have not yet obtained right to sue letters. Those claims will eventually be merged with this lawsuit to avoid piecemeal litigation.

It also makes sense to consider Plaintiffs' currently pending claims under the Americans with Disabilities Act simultaneously with the employee Plaintiffs' impending claims under Title VII of the Civil Rights Act of 1964. Both claims involve related questions of discrimination

4

based on disfavored conditions, and both can involve an impact analysis of granting accommodations on the University (i.e., whether accommodation would pose an "undue hardship" under Title VII, or a "direct threat" under the ADA).

Thus, given the general "desirability of avoiding piecemeal litigation," *Fox v. Maulding*, 16 F.3d 1079, 1082 (10th Cir. 1994), a stay is warranted for this reason, as well.

### C. Defendants' Remaining Issues Do Not Strip This Court Of Subject Matter Jurisdiction.

The remaining two issues in Defendants' Motion that are not currently before the Tenth Circuit in Plaintiffs' appeals are as follows:

- Whether any of Plaintiffs' claims are barred (even partially) by Eleventh Amendment immunity. (Defs.' Mot. 11-14.)

- Whether Defendants' actions violated the Americans with Disabilities Act. (Defs.' Mot. 26-28.)

As to the immunity issues, Defendants nowhere acknowledge that Plaintiffs did *not* contest Defendants' earlier argument in this litigation that any claims against the Board of Regents *as such* are invalid under the Eleventh Amendment (*see* ECF 56, Br. 35-36, and ECF No. 61), partly because it has no bearing on the injunction Plaintiffs seek against indisputably *non-immune* Defendants acting in their official capacities.

Similarly, even granting all three of Defendants' immunity arguments, it would not strip this Court of subject matter jurisdiction given that Defendants do not (and cannot) contest that Defendants Elliman, Zimmer, Mediavilla, and Holland are proper defendants for purposes of Plaintiffs' request for *equitable* relief for actions taken in their *official* capacities. Indeed, Defendants' immunity arguments are merely about clarifying which Defendants would actually be subject to the injunction Plaintiffs seek, or in what capacity they would be liable for damages,

without undermining this Court's actual subject matter jurisdiction over the case. Accordingly, Defendants' immunity arguments are essentially piecemeal and should not be considered separate from the merits (which should be stayed for the reasons discussed above).

Thus, given the identical overlapping legal issues between Plaintiffs' appeals and Defendants' Motion to Dismiss, the desire to avoid piecemeal litigation while Plaintiffs' statutory discrimination claims are pending in the administrative process, and the non-merits and piecemeal nature of Defendants' Eleventh Amendment defenses, a temporary stay is entirely warranted here.

## II.     EXTENSION.

Additionally, Plaintiffs' briefing obligations in the Tenth Circuit necessitate a 21-day extension on their deadline to respond to Defendants' Motion to Dismiss. Those obligations include both impending and recent filings, including: Plaintiffs' impending deadline for their Appellants' Brief (March 14th); Plaintiffs' recent response to Defendants' Motion to Dismiss Plaintiffs' appeal from this Court's first denial of preliminary injunction (ECF No. 21), which is currently Case No. 21-1414 in the Tenth Circuit (response filed March 3, 2022); and Plaintiffs' reply to Defendants' response to Plaintiffs' Motion for Injunction Pending Appeal (reply filed February 25, 2022). Those deadlines post-date (and post-dated) Defendants' filing of their Motion to Dismiss on February 17, 2022, (ECF No. 76), and have interfered with Plaintiffs' ability to respond to that motion by March 10. In light of these circumstances, and given that Defendants do not oppose, a 21-day extension until March 31 is appropriate.

## CONCLUSION

This Court should grant Plaintiffs' motion to temporarily stay proceedings on Defendants' Motion to Dismiss until the Tenth Circuit rules on Plaintiffs' currently pending

appeals. Additionally, this Court should grant Plaintiffs' motion to extend their deadline to respond to Defendants' Motion to Dismiss from March 10, 2022, until March 31, 2022.

Respectfully submitted,

>  */s/ Peter Breen*
> Peter Breen
> Martin Whittaker
> **THOMAS MORE SOCIETY**
> 309 W. Washington, Ste. 1250
> Chicago, IL 60606
> 312-782-1680
> pbreen@thomasmoresociety.org
> mwhittaker@thomasmoresociety.org
> *Counsel for Plaintiffs*
>
> */s/ Michael G. McHale*
> Michael G. McHale
> **THOMAS MORE SOCIETY**
> 10506 Burt Circle, Ste. 110
> Omaha, NE 68114
> 402-501-8586
> mmchale@thomasmoresociety.org
> *Counsel for Plaintiffs*
>
> Joseph Brown (CO # 54986)
> Theresa Lynn Sidebotham
> **Telios Law PLLC**
> 19925 Monument Hill Dr.
> Monument, CO 80132
> 775-248-8147
> jbb@telioslaw.com
> *Counsel for Plaintiff*

7