IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| JANE DOES 1 through 11, and JOHN DOES 1, and 3 through 7,<br><br>   Plaintiffs,<br><br>   v.<br><br>BOARD OF REGENTS of the UNIVERSITY OF COLORADO, *et al.*,<br><br>   Defendants. | No. 21-CV-2637-RM-NYW<br><br>The Hon. Raymond P. Moore<br>U.S. District Judge<br><br>The Hon. Nina Y. Wang<br>U.S. Magistrate Judge |

### PLAINTIFFS' MOTION FOR LEAVE TO FILE SURREPLY

Plaintiffs hereby move for permission to file the attached surreply in further opposition to Defendants' Motion to Dismiss (ECF 76), to address new arguments Defendants raise for the first time in their *reply* brief (ECF 84).[1] While these new arguments should be disregarded by this Court altogether, in an abundance of caution, Plaintiffs seek via surreply to respond to them. Specifically, Defendants have asserted the following new arguments, for the first time:

(1) The personal-capacity Defendants are entitled to qualified immunity for their actions in enforcing the *September 1 Policy*, and not just the September 24 Policy (which is all they addressed in their opening brief). Defendants argue this because allegedly (a) Plaintiffs insufficiently pled personal-capacity claims based on Defendants' actions under the September 1 Policy; (b) the September 1 Policy is *perfectly constitutional* because it allegedly merely evaluates one's religious *sincerity*, without discriminating based on one's religious denomination or the nature of one's religious beliefs; and (c) Defendants' enforcement of the September 1

---

[1] Pursuant to the Local Rules, Plaintiffs' counsel has conferred with opposing counsel about this motion, and Defendants oppose.

1

Policy was not a clearly established constitutional violation anyway, because the Supreme Court and Tenth Circuit caselaw on denominational and religious-nature discrimination is at a "sky-high level of generality" and has "nothing to do with the particular conduct at issue here." (ECF 84 at 10-12.)

(2) The Board of Regents retains sovereign immunity against Plaintiffs' ADA claims. Defendants argue this because allegedly Plaintiffs fail to satisfy the requisite factors for abrogation under *Guttman v. Khalsa*, 669 F.3d 1101, 1117 (10th Cir. 2012). (ECF 84 at 5-6.)

(3) Plaintiffs failed to plead plausible ADA claims. Defendants argue this because allegedly Plaintiffs lack qualifying "impairments," and regardless, they would be a "direct threat" to the health and safety of the Anschutz community if they remain unvaccinated. (ECF 84 at 18-19.)

Again, these new arguments raised for the first time on reply should be rejected out of hand, but insofar as the Court intends to address these arguments, Plaintiffs should have the opportunity to respond to them. "Generally, the nonmoving party should be given an opportunity to respond to new material raised for the first time in the movant's reply." *Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005); *see Sack v. Colorado Farm Bureau Ins. Co.*, No. 20-CV-2580-WJM-NYM, 2021 WL 4988331, at *2 (D. Colo. Oct. 27, 2021) (granting leave to file a surreply to address a new argument raised for the first time in the opposing party's reply brief). Plaintiffs file this motion within the 14 days allotted for replies under the Local Rules for motion practice. *See* D.C.COLO.LCivR 7.1(d); *see also* ECF 84 (filed Apr. 14, 2022). Otherwise, this Court should "not rely on the new material in reaching its decision." *Green*, 420 F.3d at 1196.

Additional briefing is necessary here. In the attached surreply , Plaintiffs explain that: they sufficiently pled personal-capacity claims against Defendants who enforced the September

2

1 Policy against them; Defendants' assertions about the constitutionality of the September 1 Policy are self-evidently erroneous and contradict *their own prior judicial admissions* that the September 1 Policy did *not* merely test for religious *sincerity*; this Circuit has held that "non-neutral state action" that substantially burdens religious exercise *is a clearly established principle* which vitiates qualified immunity in all of its applications (an argument Plaintiffs would have made in their initial response had Defendants originally made any argument *at all* that they had qualified immunity for their actions in furtherance of the September 1 Policy, including because allegedly the principle against denominational discrimination is at too high a level of generality to have applied here); that Plaintiffs satisfy the *Guttman* factors for abrogating sovereign immunity as to their ADA claims; and that under the ADA, Plaintiffs have qualifying *perceived* impairments, and they also would not plausibly be a "direct threat" if reasonably accommodated with demonstrably effective alternative precautions.

In this surreply, Plaintiffs do not supplement any of their responses to Defendants' *original* arguments or rebut any of Defendants' reply materials, other than the new arguments.

Plaintiffs thus respectfully request that, if this Court intends to give any weight to Defendants' new arguments, the Court also grant Plaintiffs permission to file the attached surreply in response to those new arguments, which were raised for the first time in Defendants' reply brief.

                        Respectfully submitted,

                        */s/ Peter Breen*
                        Peter Breen
                        Martin Whittaker
                        **THOMAS MORE SOCIETY**
                        309 W. Washington, Ste. 1250
                        Chicago, IL 60606
                        312-782-1680
                        pbreen@thomasmoresociety.org

mwhittaker@thomasmoresociety.org
*Counsel for Plaintiffs*

*/s/ Michael G. McHale*
Michael G. McHale
**THOMAS MORE SOCIETY**
10506 Burt Circle, Ste. 110
Omaha, NE 68114
402-501-8586
mmchale@thomasmoresociety.org
*Counsel for Plaintiffs*

Joseph Brown (CO # 54986)
Theresa Lynn Sidebotham
**Telios Law PLLC**
19925 Monument Hill Dr.
Monument, CO 80132
775-248-8147
jbb@telioslaw.com
*Counsel for Plaintiffs*