# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-02637-RM-KMT

JANE DOES 1 through 11, and JOHN DOES 1, 3 through 7,

    Plaintiffs,

v.

BOARD OF REGENTS of the UNIVERSITY OF COLORADO, et al.,

    Defendants.

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SURREPLY

Defendants the Board of Regents of the University of Colorado, Todd Saliman, Donald Elliman, Shanta Zimmer, Eric Mediavilla, and Ann-Michael Holland (together, "Defendants"), respond in opposition to Plaintiffs' Motion for Leave To File Surreply.

## INTRODUCTION

After the Court already granted both sides generous page-limit extensions resulting in 80 pages of briefing, Plaintiffs now seek leave to file an additional 13-page surreply to address "new" arguments purportedly raised in Defendants' reply brief. However, each of the "new" arguments about which Plaintiffs complain was properly raised originally in the motion to dismiss or in response to Plaintiffs' opposition arguments—all have been fully briefed by each side, and Plaintiffs' proposed surreply merely rehashes these arguments. The Court is more-than-amply informed of the facts and law and should decline to further expand the parties' briefing.

## LEGAL STANDARDS

As the Court is aware, "[t]his court's local rules contemplate only the filing of responses and replies to motions; they do not contemplate sur-replies (or responses to sur-replies)." *Cont'l*

*W. Ins. Co. v. Colony Ins. Co.*, 2014 U.S. Dist. LEXIS 76701, at *4 (D. Colo. June 5, 2014). Surreplies are "generally disfavored and will only be permitted in *exceptional* circumstances." *Id.* (emphasis added). "The party seeking to file the surreply bears the burden of showing that the reply 'raised new arguments that were not included in the original motion.'" *BNSF Ry. Co. v. Lafarge Sw., Inc.*, 2009 U.S. Dist. LEXIS 140967, at *12 (D.N.M. Jan. 21, 2009) (quotation omitted). A party is not entitled to a surreply to respond to arguments that are "simply an expansion of an argument raised in the [motion]." *Mohamed v. Jones*, 2022 U.S. Dist. LEXIS 30991, at *22 (D. Colo. Feb. 22, 2022). Courts also reject a surreply where the "arguments made in a reply brief respond directly to arguments the opposing party asserted in its response brief." *Santich v. VCG Holding Corp.*, 2017 U.S. Dist. LEXIS 127024, at *5 (D. Colo. Aug. 10, 2017).

## ARGUMENT

Plaintiffs fail to meet their burden of identifying any "new" arguments. Plaintiffs make "little [or no] effort to demonstrate which evidence and arguments were new," *Locke v. Grady County*, 437 F. App'x 626, 633–34 (10th Cir. 2011), instead simply insisting that Defendants have raised three new arguments, namely, that: (1) individual Defendants were entitled to qualified immunity relating to the September 1 Policy; (2) the Board of Regents is entitled to sovereign immunity against Plaintiffs' ADA claim; and (3) Plaintiffs failed to state a plausible claim under the ADA. Below, Defendants undertake the analysis that was part of Plaintiffs' burden, and that analysis confirms that none of the complained-of arguments are in fact "new." Rather, each was either raised by Defendants in their motion to dismiss and then expanded upon in the reply brief, or raised in the reply brief in response to an argument raised in Plaintiffs' response brief. Plaintiffs have already had a full and fair opportunity to argue these issues.

**Qualified Immunity:** Plaintiffs spend the bulk of their proposed surreply on qualified

immunity, which Defendants raised and discussed in detail in their motion to dismiss. ECF No. 76 at 14–28. In response, Plaintiffs argued extensively that Defendants were not entitled to qualified immunity on various claims. ECF No. 81 at 12–21. Indeed, Plaintiffs focused on the September 1 Policy, arguing at length that they had satisfied both qualified-immunity prongs. *Id.* at 13–18, 22. In reply, Defendants expanded on their original arguments and responded to Plaintiffs' arguments, noting that qualified immunity "applied universally to both policies" and that it was "not clear from the Amended Complaint that Plaintiffs brought *any* claims for damages against Defendants in their individual capacities in connection with the September 1 Policy." ECF No. 84 at 10. No basis exists for affording Plaintiffs additional briefing on arguments already fully briefed. Defendants raised the issue, Plaintiffs opposed it, and Defendants' reply "specifically rebuts arguments Plaintiffs made in their response." *Santich*, 2017 U.S. Dist. LEXIS 127024, at *6–7.

**Sovereign Immunity:** The same analysis applies to Plaintiffs' second claimed "new" argument by Defendants, namely, whether the Board of Regents is entitled to sovereign immunity on Plaintiffs' ADA claim. Defendants raised sovereign immunity in the motion to dismiss, ECF No. 76 at 12–13, and in response, Plaintiffs actually "concede[d]" that the Board "is generally immune under the Eleventh Amendment," but then argued in detail that the Board's sovereign immunity was abrogated under Title II of the ADA based on the application of certain factors under *Guttman v. Khalsa*, 669 F.3d 1101 (10th Cir. 2012). ECF No. 81 at 10. In reply, Defendants argued that the *Guttman* analysis confirmed no valid abrogation. ECF No. 84 at 5–6. Courts routinely reject efforts, such as Plaintiffs' here, to expound upon or raise new arguments in a surreply that could have been made in the response brief. *See, e.g.*, *Altamirano v. Chem. Safety & Hazard Investigation Bd.*, 41 F. Supp. 3d 982, 993–94 (D. Colo. 2014).

3

**ADA:** Third and last, Plaintiffs claim—once again without the benefit of even citing to the motion or Plaintiffs' response—that Defendants raised new arguments about Plaintiffs' failure to state a claim under the ADA. And once again, a perusal of the extensive briefing confirms Plaintiffs seek relief to which they are not entitled. Defendants' motion to dismiss sought dismissal of the ADA claim for failure to state a plausible claim. ECF No. 76 at 26–28. In response, Plaintiffs argued that they had sufficiently alleged an ADA claim because they were qualified individuals whom Defendants regarded as having a physical impairment. ECF No. 81 at 29–30. And in reply, Defendants argued that "failure to obtain a vaccine is not a perceived physical impairment" and that Plaintiffs posed "a direct threat to the health or safety of other individuals in the workplace," defeating any claim to classification as qualified individuals. ECF No. 84 at 18 (quotation omitted).

Plaintiffs have failed to show entitlement to a surreply on any of these issues. To the extent Defendants' arguments raised additional points in support of the motion to dismiss, they "did so as a direct rebuttal to [Plaintiffs'] contention[s] in the Response Brief" and thus do not constitute "new" arguments warranting a surreply. *Gates Corp. v. Dorman Prods., Inc.*, 2009 U.S. Dist. LEXIS 119700, at *4 (D. Colo. Dec. 7, 2009); *accord Green v. New Mexico*, 420 F.3d 1189, 1196–97 (10th Cir. 2005) (reply-brief arguments whose "main purpose is to point out the defects in [the] response" do not constitute "new" arguments justifying a surreply).[1]

It is understandable for Plaintiffs to want the last word on these issues, but the federal

---

[1] Ironically, Plaintiffs' surreply includes new arguments in support of their Establishment Clause, ADA, and Equal Protection claims. *See* ECF No. 85-1 at 9 n.1, 10 & n.2, 11 n.3. These efforts further underscore the impropriety of the proposed surreply and raise the risk of never-ending briefing. *See Clutts v. Dillard's, Inc.*, 484 F. Supp. 2d 1222, 1226 (D. Kan. 2007) ("[B]ecause defendant is entitled to the 'last word' on its motion, defendant will be permitted to reply to plaintiff's sur-reply.").

rules and this Court's local rules provide a structured protocol for briefing, which courts all over the country have recognized must come to an end once the movant has had a chance to rebut arguments raised by the non-movant. Here, on each of the above issues, the end of briefing arrived with Defendants' reply brief, and Plaintiffs have failed to even remotely meet their burden of demonstrating exceptional circumstances warranting a surreply. *See, e.g.*, *Mohamed*, 2022 U.S. Dist. LEXIS 30991, at *22–24 (denying surreply where movant failed to meet burden).

## CONCLUSION

Defendants respectfully request that the Court deny Plaintiffs' Motion.

Respectfully submitted this 18th day of May 2022.

| | |
|---|---|
| */s/ Matthew J. Smith*<br>Matthew J. Smith***<br>Gregory Goldberg***<br>Jessica J. Smith***<br>Holland & Hart, LLP<br>555 17th Street, Suite 3200<br>Denver, CO 80202<br>Tel: (303) 295-8000<br>mjsmith@hollandhart.com<br>ggoldberg@hollandhart.com<br>jjsmith@hollandhart.com<br>***Attorneys for Defendants Elliman, Zimmer, Mediavilla, and Holland in their individual capacities<br><br>PHILIP J. WEISER<br>Attorney General<br><br>*/s/ Jacquelynn Rich Fredericks*<br>JACQUELYNN RICH FREDERICKS*<br>First Assistant Attorney General<br>KATHLEEN SPALDING*<br>Senior Assistant Attorney General<br>GRANT T. SULLIVAN*<br>Assistant Solicitor General<br>MEGAN PARIS RUNDLET* | Senior Assistant Solicitor General<br><br>Ralph L. Carr Colorado Judicial Center<br>1300 Broadway, 10th Floor<br>Denver, CO 80203<br>Tel: (720) 508-6171<br>jacquelynn.richfredericks@coag.gov<br>kit.spalding@coag.gov<br>grant.sullivan@coag.gov<br>megan.rundlet@coag.gov<br>*Counsel of Record for Defendants Board of Regents, and for Defendants Saliman, Elliman, Zimmer, Mediavilla, and Holland in their official capacities<br><br>*/s/ Hermine Kallman*<br>HERMINE KALLMAN**<br>University of Colorado<br>Office of University Counsel<br>1800 Grant Street, Suite 700<br>Denver, CO 80203<br>Tel: (303) 860-5691<br>hermine.kallman@cu.edu<br>**Counsel of Record for Defendants Board of Regents, Saliman, Elliman, Zimmer, Mediavilla, and Holland |

# CERTIFICATE OF SERVICE

I certify that on May 18, 2022, I caused the foregoing motion to be electronically served on the following parties via CM/ECF No.:

| | |
|---|---|
| Joseph Brown | Martin Whittaker |
| Theresa Sidebotham | Peter Breen |
| Telios Law PLLC | Thomas More Society |
| P.O. Box 3488 | 309 W. Washington Street, Suite 1250 |
| 19925 Monument Hill Road | Chicago, IL 60606 |
| Monument, CO 80132 | privatrecht@gmail.com |
| jjb@telioslaw.com | pbreen@thomasmoresociety.org |
| tls@telioslaw.com | |

Michael McHale
Michael G. McHale, Attorney at Law
10506 Burt Circle, Suite 110
Omaha, NE 68114
mmchale@thomasmoresociety.org

                                                          */s/ Matthew J. Smith*

18896673_v2