## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-02637-RM-KLM

JANE DOES 1, 3 through 6, and 8 through 11, and JOHN DOES 1, 3 through 5, and 7,

Plaintiffs,

v.

DONALD ELLIMAN, et al.,

Defendants.

---

## ANSWER TO PLAINTIFFS' VERIFIED AND SUPPLEMENTAL COMPLAINT FOR TEMPORARY AND PERMANENT INJUNCTION AND DAMAGES

---

Defendants, Donald Elliman, Shanta Zimmer, Eric Mediavilla, and Ann-Michael Holland, (collectively "Defendants"), submit the following Answer to Plaintiffs' Verified and Supplemental Complaint for Temporary and Permanent Injunction and Damages ("Amended Complaint") (ECF No. 30).

1.    Defendants deny the allegations of paragraph 1.

2.    Defendants deny the allegations of paragraph 2. Defendants affirmatively state that the allegations of paragraph 2 refer to the Anschutz Medical Campus's September 1, 2021, COVID-19 vaccination policy ("September 1 policy"), which was repealed and replaced by the September 24, 2021, policy ("September 24 policy"). The September 1 policy has had no present effect since it was repealed and replaced.

3.     Defendants admit that Plaintiffs' requests for religious accommodations  were denied under the September 1 policy.  Defendants deny that the September 1 policy required individuals to be a "member" of a particular organized religion but admit that the September 1 policy required a religious exemption to be based on an individual's "religious belief whose teachings are opposed to all immunizations."  Defendants admit the September 1 policy allowed for medical exemptions.  Defendants deny the remaining allegations of paragraph 3.

4.     Defendants admit that Plaintiffs are current or former staff and students of the Anschutz Medical Campus.  Defendants have insufficient information to admit or deny the remaining allegations of paragraph 4 and therefore deny them.

5.     Defendants admit that the COVID-19 vaccination policy for the Anschutz Medical Campus was amended on September 24, 2021.  Religious accommodation requests submitted by Plaintiffs and others who were students or staff at the Anschutz Medical Campus at the time the new policy became effective were reconsidered under the new policy, and Defendants deny any allegation to the contrary.  Defendants admit that Plaintiffs' religious accommodation requests were denied under the September 1 policy. Defendants deny that all submitted religious accommodations requests were denied.  Defendants admit receiving a letter from counsel in mid-September 2021.  Defendants deny the remaining allegations of paragraph 5.

6. Defendants admit that the September 24 policy differs from the September 1 policy (in part) by not requiring religious objections to be based on religious beliefs whose teachings are opposed to all immunizations. Defendants deny the remaining allegations of paragraph 6.

7. Defendants admit that, under the September 24 policy, Anschutz Medical Campus staff may request religious accommodations, but students cannot. Defendants have insufficient information to admit or deny the policies at other (non-medical) CU campuses, and therefore deny the allegations concerning the policies adopted by these campuses. Defendants deny the remaining allegations of paragraph 7.

8. Defendants deny that the September 1 policy has any present effect and affirmatively state that the policy was repealed and replaced by the September 24 policy. Defendants affirmatively state that religious accommodation requests of John Does 3, 5, and 7 have been accommodated, and these employees work remotely. Defendants have insufficient information to admit or deny allegations concerning work arrangements at other campuses and therefore deny these allegations. Defendants deny the remaining allegations of paragraph 8.

9. Defendants admit that the September 24 policy applies to all individuals employed by the Anschutz Medical Campus, including Jane Doe 11. Defendants admit that Jane Doe 11 worked at the Colorado Mental Health Institute in Pueblo ("CMHIP"). Defendants have insufficient

information to admit or deny both the allegations concerning Jane Doe 11's religious beliefs and CMHIP policies and therefore deny these allegations. Defendants deny the remaining allegations of paragraph 9.

10.     Defendants admit that the September 24 policy applies to all students at the Anschutz Medical Campus, including Jane Doe 8.  Defendants admit that Jane Doe 8 is a dual degree student who withdrew from class at the Anschutz Medical Campus.  Defendants have insufficient information to admit or deny the allegations concerning vaccination policies at other campuses and therefore deny these allegations.  Defendants deny the remaining allegations of paragraph 10.

11.     Defendants admit that the September 24 policy applies to all individuals employed by the Anschutz Medical Campus, including Jane Doe 3. Defendants deny allegations characterizing the September 1 or September 24 policies.  Defendants affirmatively state that the Anschutz Medical Campus repealed and replaced the September 1 policy with the September 24 policy and deny that the September 1 policy has any present affect.  Defendants admit that Jane Doe 3 has been placed on unpaid administrative leave. Defendants have insufficient information to admit or deny the remaining allegations of paragraph 11 and therefore deny them.

12.     Defendants deny that Defendants have violated Plaintiffs' rights. Defendants have insufficient information to admit or deny the remaining allegations of paragraph 12 and therefore deny them.

13.     Defendants admit that Jane Does 1 through 11 are Anschutz Medical Campus employees or students[1] and that Defendant Elliman is chancellor of the Anschutz campus.  Defendants also admit that the September 24 policy applies to all Anschutz Medical Campus employees and students.  Defendants admit that Plaintiffs have been advised that their violation of the policy may lead to discipline, up to and including termination. Defendants have insufficient information to admit or deny allegations concerning Plaintiffs' religious beliefs and therefore deny these allegations. Defendants deny the remaining allegations of paragraph 13, if any.

14.     Defendants admit that John Does 1 through 7 are employees or students at the Anschutz Medical Campus.[2]  Defendants admit that the September 24 policy applies to all Anschutz Medical Campus employees and students, including these Plaintiffs, and that these Plaintiffs have been advised that their violation of the policy may lead to discipline, up to and including termination.  Defendants have insufficient information to admit or deny the remining allegations of paragraph 14 and therefore deny them.

15.     Defendants deny the allegations contained in paragraph 15.

**PARTIES**

---

[1] The Court has dismissed the claims asserted by Plaintiffs Jane Does 2 and 7. ECF Nos. 97, 98.

[2] The Court has dismissed all claims asserted by John Doe 6. *Id.*  John Doe 2 voluntarily dismissed his claims. ECF No. 97.

16.     Defendants admit that in September 2021, Jane Doe 1 was a physician licensed to practice in Colorado.  Defendants admit that Jane Doe 1 requested a religious accommodation and that her request was denied.  Defendants also admit that Jane Doe 1 worked at Children's Hospital in Colorado Springs in September 2021.  Defendants deny that she is currently employed by the Anschutz School of Medicine.  Defendants have insufficient information to admit or deny the remaining allegations of paragraph 16 and therefore deny them.

17.     Defendants admit that Jane Doe 2 is or was a physician licensed to practice in Colorado and was employed as a pediatric anesthesiologist and associate professor at Children's Hospital Colorado at the Anschutz Medical Campus, that she requested and was denied a religious accommodation, and that she resigned in lieu of termination prior to the implementation of the September 24 policy.  Defendants have insufficient information to admit or deny the remaining allegations of paragraph 17 and therefore deny them.

18.     Defendants admit that Jane Doe 3 is a physician licensed to practice in Colorado.  Defendants also admit that as of October 2021, Jane Doe 3 was employed as a physician and associate professor of medicine at the Anschutz School of Medicine, that she requested a religious accommodation based on her opposition to any vaccine derived from or using cell lines from an aborted fetus, and that her request was denied in mid-September.  Defendants admit that Jane Doe 3 contracted COVID-19.  Defendants have insufficient

6

information to admit or deny the remaining allegations of paragraph 18 and therefore deny them.

19.     Defendants admit that Jane Doe 4 is employed by the Kempe Center at the Anschutz Medical Center, that she requested a religious accommodation in August 2021, and that the request was denied.  Defendants affirmatively state that Jane Doe 4's request for accommodation was considered under the September 24 policy, and that she has been accommodated with remote employment.  Defendants also admit that Jane Doe 4 does not need to be vaccinated while she works remotely and that she has no work-related in-person access to Anschutz Medical Campus facilities.  Defendants also admit that going forward, if Jane Doe 4's duties or training obligations cannot be accomplished remotely, the remote work accommodation will be re-evaluated.  Defendants deny the remaining allegations of paragraph 19.

20.     Defendants admit that Jane Doe 5 works at an ambulatory surgical center affiliated with the Anschutz School of Medicine and subject to Anschutz Medical Campus policies.  Defendants also admit that Jane Doe 5 requested a religious accommodation in August 2021 and that her request was denied.  Defendants affirmatively state that the request was reconsidered under the September 24 policy and denied.  Defendants also admit that Jane Doe 5 has been permitted to perform her work remotely, at first temporarily.  Defendants also admit that Jane Doe 5's pay initially was docked 10%, but

affirmatively state that her job description was revised to allow her to work 100% remotely, and her full pay has been reinstated with back pay. Defendants admit that while Jane Doe 5 works remotely, she is not required to be vaccinated. Defendants have insufficient information to admit or deny the allegations concerning Jane Doe 5's religious beliefs and therefore denies these allegations. Defendants deny the remaining allegations of paragraph 20.

21.     Defendants admit that Jane Doe 6 is an employee of the Anschutz Medical Campus. Defendants also admit that in August 2021, Jane Doe 6 requested a religious accommodation because she objected to products that used cells from an aborted fetus or that had their origin in abortion and that her request for a religious accommodation was denied. Defendants affirmatively state that her request was reconsidered under the September 24 policy and that her request has been accommodated. Defendants also admit that Jane Doe 6 works remotely and that while she works remotely, she is not required to be vaccinated. Defendants deny the remaining allegations of paragraph 21.

22.     Defendants admit that Jane Doe 7 was a fourth-year dental student whose August 2021 request for a religious accommodation was denied. Defendants admit that as a student at the Anschutz Medical Campus, Jane Doe 7 was subject to the Campus's vaccination policy. Defendants deny that the Campus's policy allowed students with medical accommodations to remain on campus and in class. Defendants admit that Jane Doe 7 was on medical

leave for ninety days after contracting COVID-19. Defendants affirmatively state that she has since received a COVID-19 vaccination. Defendants have insufficient information to admit or deny the remining allegations of paragraph 22 and therefore deny them.

23. Defendants admit that, in early September 2021, Jane Doe 8 was a dual degree student taking classes at both the University of Colorado at Denver and at the Anschutz Medical Campus. Defendants also admit that Jane Doe 8 requested a religious accommodation to the Anschutz Medical Campus's COVID-19 vaccination policy, that her request was denied, and that Jane Doe 8 withdrew from the class she was taking at the Anschutz Medical Campus. Defendants have insufficient information to admit or deny the remaining allegations of paragraph 23 and therefore deny them.

24. Defendants admit that Jane Doe 9 was employed by and at the Anschutz Medical Campus and that her August 2021 request for religious accommodation was denied. Defendants affirmatively state that Jane Doe 9 was notified on September 20, 2021, that her employment was terminated because she failed to comply with Anschutz Medical Campus policy. Specifically, she came on campus unvaccinated and failed to adhere to the policy regarding masking and maintaining a social distance. Defendants have insufficient information to admit or deny the remaining allegations of paragraph 24 and therefore deny them.

25.     Defendants admit that Jane Doe 10 was employed at the University of Colorado Cancer Clinical Trials Office and affirmatively state that her employment was terminated in May 2022.  Defendants also admit that Jane Doe 10 requested a religious accommodation to the Anschutz Medical Campus's COVID-19 vaccination policy and that the request was denied. Defendants deny that the request was not reviewed and considered; Defendants affirmatively state that the request was reconsidered under the September 24 policy, and that her request was denied because her work involved direct contact with patient and others.  Defendants admit that Jane Doe 10 was allowed to work remotely around the end of her pregnancy and that she was subsequently on parental leave.  Defendants have insufficient information to admit or deny allegations concerning Jane Doe 10's religious beliefs and therefore deny them.

26.     Defendants admit that as of September 2021, Jane Doe 11 worked at CMHIP.  Defendants have insufficient information to admit or deny whether she currently works at CMHIP and therefore denies this allegation. Defendants admit the remaining allegations of Paragraph 26.

27.     Defendants admit that in September 2021, John Doe 1 was a first-year medical student at the Anschutz School of Medicine.  Defendants deny that their vaccination policy is unlawful.  Defendants have insufficient information to admit or deny the remaining allegations of paragraph 27 and therefore deny them.

28.     Defendants admit that in September 2021, John Doe 2[3] was a medical student at the Anschutz School of Medicine, that he requested a religious accommodation to the COVID-19 vaccination policy, and that the request was denied.  The communication from the Promotions Committee referred to in paragraph 28 speaks for itself. Defendants have insufficient information to admit or deny the remaining allegations of paragraph 28 and therefore deny them.

29.     Defendants admit that John Doe 3 is employed by the Office of Information Technology at the Anschutz Medical Campus, that he requested a religious accommodation to the COVID-19 vaccination policy in August 2021, and that his request was denied.  Defendants affirmatively state that his request was reconsidered under the September 24 policy.  Defendants also admit that John Doe 3 works remotely and that while he works remotely, he is not required to be vaccinated.  Defendants have insufficient information to admit or deny the remaining allegations of paragraph 29 and therefore deny them.

30.     Defendants admit that John Doe 4 was a police communications supervisor in the Anschutz Medical Campus police force, that he requested a religious accommodation to the campus vaccination policy in August 2021, and that the request was denied.  Defendants affirmatively state that the request was reconsidered under the September 24 policy.  Defendants also admit that

---

[3] John Doe 2 has voluntarily dismissed his claims in this lawsuit.

John Doe 4 was deemed an essential employee, that he worked alone on campus in a dedicated location, with doors closed, and with only remote access to his team members. Defendants further admit that John Doe 4 initially was docked 10% of his pay but affirmatively assert that his full pay was restored, with back pay. Defendants deny that John Doe 4 currently works for the Anschutz Medical Campus and affirmatively state that he recently retired. Defendants have insufficient information to admit or deny the remaining allegations of paragraph 30 and therefore deny them.

31.     Defendants admit that John Doe 5 is a senior network engineer working for the Office of Information Technology, that he requested a religious accommodation from the Anschutz Medical Campus's COVID-19 vaccination policy in August 2021, and that the request was denied. Defendants affirmatively state that the request was reconsidered under the September 24 policy. Defendants admit that John Doe 5 works remotely and that while he works remotely, he is not required to be vaccinated. Defendants have insufficient information to admit or deny the remaining allegations of paragraph 31 and therefore deny them.

32.     Defendants admit that in September 2021, John Doe 6 was a first-year student at the Anschutz School of Medicine's anesthesiology program, that he requested a religious accommodation from the COVID-19 vaccination policy, and that the request was denied. Defendants affirmatively state that John Doe 6 withdrew from the anesthesiology program. The

communication from the Promotions Committee referred to in paragraph 32 speaks for itself. Defendants have insufficient information to admit or deny the remaining allegations of paragraph 32 and therefore deny them.

33. Defendants admit the allegations of paragraph 33. Defendants affirmatively state that Defendants reconsidered John Doe 7's religious accommodation request under the September 24 policy and that he was accommodated with remote employment.

34. Defendants affirmatively state that all claims asserted against the Board of Regents have been dismissed and deny that the Board is a Defendant in this lawsuit. Defendants admit that the Board is a constitutionally created body that governs the University of Colorado. Defendants admit that the chancellor of each campus is authorized to adopt rules and procedures regarding the use of campus grounds and facilities by staff and students, including COVID-19 vaccination policies. Defendants deny the remaining allegations of paragraph 34.

35. Defendants affirmatively state that all claims asserted against Todd Saliman have been dismissed and therefore deny that President Saliman is a Defendant in this lawsuit. Defendants admit that President Saliman was appointed by the Board. Defendants deny the remaining allegations of paragraph 35.

36. Defendants affirmatively state that all individual capacity claims asserted against Donald Elliman have been dismissed and deny that

Chancellor Elliman is sued in his individual capacity. Defendants admit that the chancellor of each campus is authorized to adopt rules and procedures regarding the use of campus grounds and facilities by staff and students, including COVID-19 vaccination policies. Defendants deny the remaining allegations of paragraph 36, if any.

37.     Defendants affirmatively state that all individual capacity claims asserted against Defendants Zimmer, Mediavilla, and Holland have been dismissed and deny that these Defendants are sued in their individual capacities. Defendants admit that in 2021, they enforced COVID-19 vaccination policies at the Anschutz Medical Campus. Defendants have insufficient information to admit or deny the remaining allegations of paragraph 37 and therefore deny them.

38.     Defendants deny that admit that the Vaccine Verify team evaluated requests for accommodation. Defendants affirmatively state that the September 1 policy was repealed and replaced by the September 24 policy and that the September 1 policy has had no effect since the September 24 policy repealed and replaced it. Defendants deny the remaining allegations of paragraph 38, if any.

39.     Defendants admit the allegations of paragraph 39.

## JURISDICTION AND VENUE

40.     With respect to the allegations of paragraph 40, Defendants admit that this Court has jurisdiction over the claims asserted by Plaintiffs

under 42 U.S.C. §1983.[4]

41.  With respect to the allegations of paragraph 41, Defendants admit that this Court has supplemental jurisdiction over Plaintiffs' claim under the Colorado Constitution.

42.  With respect to the allegations of paragraph 42, Defendants admit that venue is proper.

43.  With respect to the allegations of paragraph 43, Defendants admit that the Court may grant declaratory judgment as allowed by law.

44.  The Court has dismissed all claims arising from the September 1 policy.  Accordingly, to the extent Plaintiffs seek injunctive relief regarding the September 1 policy, Defendants deny the allegations of paragraph 44. Defendants admit that the Court is otherwise authorized to grant injunctive relief as allowed by law.

45.  With respect to the allegations of paragraph 45, Defendants admit that the Court has the authority to award fees and costs as authorized by law.

## FACTS

46.  With respect to the allegations of paragraph 46 and paragraph heading A, Defendants affirmatively state that they had no role in whether or how vaccination policies would affect campuses other than the Anschutz

---

[4] The Court has dismissed Plaintiffs' claim alleging the violation of their rights under the Americans with Disabilities Act.

Medical Campus and thus deny the allegations of paragraph 46 and heading A.

47. Defendants have insufficient information to admit or deny the allegations of paragraph 47 and therefore deny them.

48. Defendants have insufficient information to admit or deny the allegations of paragraph 48 and therefore deny them.

49. With respect to the allegations of paragraph 49, Defendants state the vaccination policies in place at other University of Colorado campuses speak for themselves. Defendants have insufficient information to admit or deny allegations concerning policies adopted by other (non-medical) University of Colorado campuses and therefore deny allegations concerning these policies.

50. Defendants admit that a COVID-19 vaccination policy for the Anschutz Medical Campus became effective on September 1, 2021. The policy speaks for itself, and Defendants admit that Plaintiffs have correctly quoted parts of the policy. Defendants deny the remaining allegations of paragraph 50. Defendants affirmatively state that the Anschutz Medical Campus repealed and replaced the September 1 policy with the September 24 policy.[5]

51. With respect to the allegations of paragraph 51, Defendants deny that the September 1 policy has any current effect and deny that any Defendant enforces that policy. Defendants admit that they enforced the policy while it was in effect. Defendants affirmatively state that the Anschutz

---

[5] The Court has dismissed all claims related to the September 1 policy.

Medical Campus repealed and replaced the September 1 policy with the September 24 policy. The written September 1 policy speaks for itself, and Defendants deny characterizations of the policy.

52. Defendants admit the allegations of paragraph 52.

53. Defendants state the September 1 policy speaks for itself, and Defendants deny the allegations of paragraph 53 to the extent the allegations misquote or mischaracterize the written policy. Defendants affirmatively state that the Anschutz Medical Campus repealed and replaced the September 1 policy with the September 24 policy. Defendants deny the remaining allegations of paragraph 53.

54. Defendants deny the allegations of paragraph 54.

55. Defendants admit that Plaintiffs' requests for accommodation were initially denied. Defendants deny the remaining allegations of paragraph 55.

56. Defendants deny the allegations of paragraph 56.

57. Defendants state the September 1 policy speaks for itself. Defendants admit the allegations of paragraph 57 to the extent the allegations refer to the period for during which the September 1 policy was in effect. Defendants deny that the policy has any present effect and affirmatively state that the Anschutz Medical Campus repealed and replaced the September 1 policy with the September 24 policy.

58.     Defendants state the September 1 policy speaks for itself but deny that the September 1 policy has any current effect and thus deny the allegations of paragraph 58 to the extent they imply the contrary. Defendants affirmatively state that the Anschutz Medical Campus repealed and replaced the September 1 policy with the September 24 policy. Defendants admit that medical accommodations to the vaccination policy have been granted but deny that, as a matter of policy, those individuals with medical accommodations are free to work and study on campus. Defendants deny the remaining allegations of paragraph 58.

59.     Defendants admit that Plaintiffs advised Defendants they had sincere religious objections to taking the three then-available COVID-19 vaccines. Defendants deny the remaining allegations of paragraph 59 and the allegations of heading B.

60.     Defendants admit that Plaintiffs' requests for religious accommodations were denied under the September 1 policy. Defendants deny the remaining allegations of paragraph 60.

61.     Defendants admit repealing and replacing the September 1 policy with the September 24 policy and admit receiving correspondence from attorneys related to the September 1 policy. Defendants deny the remaining allegations of paragraph 61 and the allegations of heading C.

62.     Defendants deny the allegations of paragraph 62.

63. Defendants admit that the September 24 policy does not require sincere religious objections to the COVID-19 vaccination to be part of religious beliefs whose teaching oppose all immunizations. Defendants deny the remaining allegations of paragraph 63.

64. Defendants admit that, under the September 24 policy, staff but not students can request religious accommodations. Defendants deny the remaining allegations of paragraph 64.

65. Defendants deny that the September 1 policy has any present effect and affirmatively state that the September 1 policy was repealed and replaced by the September 24 policy. Defendants admit that under the September 24 policy, students and staff may request medical accommodations. Defendants deny that, as a matter of policy, individuals with medical accommodations are permitted to work or study without restriction. Defendants deny the remaining allegations of paragraph 65.

66. With respect to the allegations of paragraph 66, Defendants have no role in enforcing vaccination policies on other University of Colorado campuses and thus deny allegations relating those policies. Defendants affirmatively state that under the September 24 policy, individuals requesting religious exemptions at the Anschutz Medical Campus have not been subjected to any challenge or test of the sincerity of their professed religious beliefs.

67. With respect to the allegations of paragraph 67, Defendants deny that Plaintiffs have been subjected to any challenge or test of the sincerity of

their beliefs under the September 24 policy. Defendants affirmatively state that the September 1 policy was repealed and replaced by the September 24 policy, and the Court has dismissed all claims related to the September 1 policy. Defendants deny that, as a matter of policy, individuals who have received medical exemptions are allowed to work and study freely on the Anschutz Medical Campus. Defendants have insufficient information to admit or deny the remaining allegations of paragraph 67 and therefore deny them.

**Dr. Jane Doe 1**

68. Defendants admit the allegations of paragraph 68.

69. Defendants admit the allegations of paragraph 69.

70. Defendants state that writings containing the advice or opinions of religious officials speak for themselves. Defendants have insufficient information to admit or deny the allegations of paragraph 70 and therefore deny them.

71. Defendants state that the content of the document referred to in paragraph 71 speaks for itself and deny Plaintiffs' characterization of the document. Defendants admit that Plaintiffs have correctly cited a portion of the document. Defendants affirmatively state that the decision cited in paragraph 71 was based on a policy that was repealed and replaced by the September 24 policy.

72. Defendants state that the content of the writing speaks for itself. Defendants admit that Jane Doe 1's request for a religious accommodation was

denied.  Defendants affirmatively state that Jane Doe 1's request for a religious accommodation was reconsidered under the September 24 policy. Defendants deny the remaining allegations of paragraph 72.

73.    Defendants state that the content of the writings referred to in paragraph 73 speak for themselves, and Defendants deny allegations characterizing their content.  Defendants deny the remaining allegations of paragraph 73.

74.    With respect to the allegations of paragraph 74, Defendants admit that Jane Doe 1 worked at Children's Hospital in September 2021. Defendants have insufficient information to admit or deny the remaining allegations of paragraph 74 and therefore deny them.  As for the allegations of footnote 10, Defendants admit that Jane Doe 1 was placed on administrative leave and subsequently terminated.  Defendants deny the remaining allegations of footnote 10.

**Dr. Jane Doe 2**

75.    Defendants admit that Jane Doe 2 requested accommodation from the Anschutz Medical Campus's COVID-19 vaccination policy on both medical and religious grounds.  Defendants have insufficient information to admit or deny the remaining allegations of paragraph 75 and therefore deny them.

76.     Defendants admit the allegations of paragraph 76.  Defendants affirmatively state that this correspondence was based on the September 1 policy, which was repealed and replaced by the September 24 policy.

77.     Defendants admit the allegations of paragraph 77.

78.     Defendants admit that on or about September 16, 2021, Jane Doe 2 was sent the email referenced in paragraph 78.  Defendants also admit receiving a letter for counsel objecting to the September 1 policy.  Defendants deny the remaining allegations of paragraph 78, if any.

79.     Defendants admit that Jane Doe 2 resigned.  Defendants have insufficient information to admit or deny the remaining allegations of paragraph 79 and therefore deny them.

**Dr. Jane Doe 3**

80.     Defendants admit that in early September 2021, Jane Doe 3 requested an accommodation from the Anschutz Medical Campus's COVID-19 vaccination requirement on religious grounds and admit that she also submitted a request for medical accommodation.  Defendants also admit that both requests were denied.  The email attached as Exhibit 23 speaks for itself, and Defendants deny the allegations characterizing its content.  Defendants have insufficient information to admit or deny the remaining allegations of paragraph 80 and therefore deny them.

81.     Defendants admit the allegations of paragraph 81.

82.     Defendants admit the allegations of paragraph 82.

83.     Defendants admit the allegations in sentence one of paragraph 83. Defendants state the email speaks for itself and deny the allegations characterizing its content. Defendants affirmatively state that the decision described in paragraph 83 was based on the September 1 policy, which was subsequently repealed and replaced by the September 24 policy.

84.     The communications referred to in paragraph 84 speak for themselves, and Defendants deny allegations characterizing their content. Defendants deny the remaining allegations of paragraph 84.

85.     Defendants admit the allegations of paragraph 85.

86.     Defendants have insufficient information to admit or deny the allegations of paragraph 86 and therefore deny them.

87.     Defendants have insufficient information to admit or deny the allegations of paragraph 87 and therefore deny them.

88.     Defendants have insufficient information to admit or deny the allegations of paragraph 88 and therefore deny them.

**Jane Doe 4**

89.     Defendants admit the allegations of paragraph 89.

90.     Defendants admit the allegations of paragraph 90. Defendants affirmatively state that this decision was based on a policy that was repealed and replaced by the September 24 policy.

91.     Defendants admit that Jane Doe 4 requested reconsideration of the denial of her request for a religious accommodation and state that the

document referred to in paragraph 91 speaks for itself. Defendants have insufficient information to admit or deny the remaining allegations of paragraph 91 and therefore deny them.

92. Defendants admit the allegations of paragraph 92.

93. Defendants affirmatively state that Jane Doe 4's request for religious accommodation was reconsidered under the September 24 policy. Defendants admit that Jane Doe 4 has been accommodated with remote employment. Defendants also admit that she is not required to be vaccinated while she works remotely. Defendants have insufficient information concerning the remaining allegations of paragraph 93 and therefore deny them.

94. Defendants admit that Jane Doe 4 works remotely and admit that the September 24 policy requires her to be vaccinated if she returns to Anschutz or Kempe client facilities. Defendants admit that if her duties or training obligations cannot be accomplished remotely, the remote work accommodation will be re-evaluated. Defendants have insufficient information to admit or deny the remaining allegations of paragraph 94 and therefore deny them.

**Jane Doe 5**

95. Defendants admit the allegations of paragraph 95.

96. Defendants admit the allegations of paragraph 96. Defendants affirmatively state that this correspondence was based a policy that was

repeated and replaced by the September 24 policy.  Defendants affirmatively state that the request for religious accommodation was reconsidered under the September 24 policy.

97.    Defendants admit that Jane Doe 5 works remotely and admit that she is not required to be vaccinated while she works remotely. Defendants have insufficient information to admit or deny the remaining allegations of paragraph 97 and therefore deny them.

98.    Defendants admit that Jane Doe 5 was sent the October 7, 2021, letter cited in paragraph 98.  Defendants affirmatively state that Jane Does 5's in-person responsibilities have been reallocated to allow her to work remotely, and her original salary has been restored, with back pay.

**Jane Doe 6**

99.    Defendants admit the allegations of paragraph 99.

100.    Defendants admit the allegations of paragraph 100.  Defendants affirmatively state that this correspondence was based on a policy that was repealed and replaced by the September 24 policy.

101.    Defendants admit that Jane Doe 6 works remotely.  Defendants admit that Jane Doe 6 is not required to be vaccinated while she works remotely.  Defendants have insufficient information to admit or deny the remaining allegations of paragraph 101 and therefore deny them.

102.    Defendants affirmatively state that Jane Doe 6's request for religious accommodation was reconsidered under the September 24 policy and

that she has been accommodated with remote work. Defendants have insufficient information to admit or deny the allegations of paragraph 102 and therefore deny them.

**Jane Doe 7**

103.    Defendants admit that Jane Doe 7 submitted the request for religious accommodation described in paragraph 103. Defendants have insufficient information to admit or deny the remaining allegations in paragraph 103 and thus deny them.

104.    Defendants admit the allegations of paragraph 104. Defendants affirmatively state that this correspondence was based on the September 1 policy, which was repealed and replaced by the September 24 policy.

105.    With respect to the allegations of paragraph 105, Defendants admit being advised that that Jane Doe 7 had contracted COVID-19, that she subsequently recovered, and that her physician had advised her to wait ninety days before taking the COVID-19 vaccine.

106.    Defendants admit that Jane Doe 7 was placed on a medical leave of absence. Defendants deny that others with medical accommodations were allowed, as a matter of policy, to attend class or come onto campus. Defendants have insufficient information to admit or deny the remaining allegations of paragraph 106. Defendants affirmatively state that Jane Doe 7 has been vaccinated and has continued her employment.

**Jane Doe 8**

107.     Defendants admit the allegations of paragraph 107.

108.     Defendants admit the allegations of paragraph 108.  Defendants affirmatively state that the correspondence was based on a policy that subsequently was repealed and replaced by the September 24 policy.

109.     Defendants admit the allegations of paragraph 109.

110.     Defendants have insufficient information to admit or deny the allegations of paragraph 110 and therefore deny them.

111.     Defendants have insufficient information to admit or deny the allegations of paragraph 111 and therefore deny them.

**Jane Doe 9**

112.     Defendants admit the allegations of paragraph 112.

113.     Defendants admit the allegations of paragraph 113.

114.     Defendants admit the allegations of paragraph 114.  Defendants affirmatively state that the responses to Jane Doe 9's request for religious accommodation described in paragraph 114 were based on a policy that was repealed and replaced by the September 24 policy.

**Jane Doe 10**

115.     Defendants admit that Jane Doe 10 was granted an accommodation from the requirement that she receive a flu vaccine in October 2020.  Defendants have insufficient information to admit or deny the remaining allegations of paragraph 115 and therefore deny them.

116.     Defendants admit the allegations of paragraph 116.

117.    Defendants admit that Jane Doe 10 had previously (in 2020) indicated her objection to receiving the flu vaccine.  Defendants further admit that Jane Doe 10 was sent a letter in August 2021 advising her that her request for religious accommodation from the Anschutz Medical Campus's COVID-19 vaccination requirement was denied.  Defendants affirmatively state that this correspondence was based on a policy that was repealed and replaced by the September 24 policy and that Jane Doe 10's request for religious accommodation was reconsidered under the September 24 policy.  Defendants have insufficient information to admit or deny the remaining allegations of paragraph 117 and therefore deny them.

118.    Defendants have insufficient information to admit or deny Jane Doe 10's allegations that she had previously asserted her opposition to all vaccinations, as well as allegations concerning the sincerity of her religious beliefs, and thus deny these allegations.  Defendants deny the remaining allegations of paragraph 118.

119.    Defendants admit that the initial rejection of Jane Doe 10's request for a religious accommodation was based on the provisions of a policy that recognized only religious objections based on a religious belief whose teachings opposed all immunizations.  Defendants affirmatively state that this policy was repealed and replaced by the September 24 policy.  Defendants deny the remaining allegations of paragraph 119.

120.     Defendants admit that Jane Doe 10 sent the correspondence referred to in paragraph 120.  Defendants admit the allegations of paragraph 120.

121.     Defendants admit that Jane Doe 10 was sent the correspondence referred to in paragraph 121.  Defendants deny the remaining allegations of paragraph 121.

122.     Defendants have insufficient information to admit or deny the allegations of paragraph 122 and therefore deny these allegations.

123.     With respect to the allegations of paragraph 123, Defendants admit that Jane Doe 10's work involved in-person contact and admit that she worked remotely around the end of her pregnancy. Defendants affirmatively state that Jane Doe 10 was subsequently on parental leave and on unpaid administrative leave, and that her employment has been terminated.

**Jane Doe 11**

124.     Defendants admit that Jane Doe 11 requested a religious accommodation from the Anschutz Medical Campus's COVID-19 vaccination requirement.  Defendants have insufficient information to admit or deny the remaining allegations of paragraph 124 and therefore deny them.

125.     Defendants admit the allegations of paragraph 125.

126.     Defendants admit the allegations of paragraph 126.  Defendants affirmatively state that the correspondence was based on the September 1 policy, which was repealed and replaced by the September 24 policy.

127.    Defendants deny the allegations of paragraph 127.

128.    Defendants have insufficient information to admit or deny the allegations of paragraph 128 and therefore deny these allegations.

129.    The correspondence cited in paragraph 129 speaks for itself, and Defendants deny allegations characterizing its content.

**John Doe 1**

130.    Defendants state the email referenced in paragraph 130 speaks for itself.  Defendants deny allegations characterizing the document's contents. Defendants have insufficient information to admit or deny the remaining allegations of paragraph 130 and therefore deny these allegations.

131.     Defendants state the emails referenced in paragraph 131 speak for themselves.  Defendants deny allegations characterizing the emails' contents. Defendants deny the remaining allegations of paragraph 131.

132.    Defendants state the emails referenced in paragraph 132 speak for themselves.  Defendants deny allegations characterizing the emails' contents.  Defendants admit that John Doe 1 met with Defendant Zimmer on or about August 10, 2021.

133.    Defendants state the email referenced in paragraph 133 speaks for itself.  Defendants deny allegations characterizing the email's contents.

134.    Defendants admit that John Doe 1 submitted a request for religious accommodation on or about August 23, 2012.  The written request, along with a written explanation of John Doe's religious beliefs, are referenced

in paragraph 134, and these documents speak for themselves. Defendants deny allegations characterizing the documents' contents.

135. Paragraph 135 contains allegations concerning the content of a letter written by John Doe 1 explaining his religious beliefs. Defendants state the letter speaks for itself and deny allegations characterizing the document's contents.

136. Paragraph 136 contains allegations concerning the content of an email from the Student Response Team to John Doe 1. Defendants state the email speaks for itself and deny allegations characterizing the email's contents. Defendants deny the remaining allegations of paragraph 136.

137. Defendants deny the allegations of paragraph 137.

138. Paragraph 138 contains allegations concerning the content of a letter from John Doe 1 to Defendant Zimmer. Defendants state the letter speaks for itself and deny allegations characterizing the document's contents. Defendants deny the remaining allegations of paragraph 138, if any.

139. Paragraph 139 contains allegations concerning the content of a letter from John Doe 1 to Defendant Zimmer. Defendants state the letter speaks for itself and deny allegations characterizing the document's contents.

140. Paragraph 140 contains allegations concerning the content of a letter from Defendant Zimmer to John Doe 1. Defendants state the letter speaks for itself and deny allegations characterizing the document's contents. Defendants deny the remaining allegations of paragraph 140, if any.

141.    Paragraph 141 contains allegations concerning the content of a letter from Defendant Zimmer to John Doe 1.  Defendants state the letter speaks for itself and deny allegations characterizing the document's contents.

142.    Paragraph 142 contains allegations concerning the content of a cover email. Defendants state the email speaks for itself and deny allegations characterizing the document's contents.

143.    Paragraph 143 contains allegations concerning the content of an unidentified document. Defendants state the document speaks for itself and deny allegations characterizing the document's contents.   Defendants admit that John Doe 1 had the options he cites.

144.    Defendants have insufficient information to admit or deny the allegations of paragraph 144 and therefore deny them.

**John Doe 2**

145.    Defendants admit that John Doe 2 submitted the request for religious accommodation described in paragraph 145.  Defendants have insufficient information to admit or deny the remaining allegations of paragraph 145 and therefore deny them.

146.    Defendants admit that Defendant Zimmer sent John Doe 2 a letter denying his request for a religious accommodation.  Defendants state the letter speaks for itself and deny allegations characterizing the document's contents.

147. Paragraph 147 contains allegations concerning the content of a communication John Doe 2 sent the Promotions Committee. Defendants state the document speaks for itself and deny allegations characterizing the document's contents.

148. Paragraph 148 refers to a communication from the Promotions Committee to John Doe 2. Defendants state the document speaks for itself and deny allegations characterizing the document's contents. Defendants deny the remaining allegations of paragraph 148, if any.

149. Defendants have insufficient information to admit or deny the allegations of paragraph 149 and therefore deny them.

150. Defendants have insufficient information to admit or deny the allegations of paragraph 150 and therefore deny them.

**John Doe 3**

151. Defendants admit that John Doe 3 requested an accommodation to the Anschutz Medical Campus's COVID-19 vaccine requirement on religious grounds. Defendants have insufficient information to admit or deny the remaining allegations of paragraph 151 and therefore deny them.

152. Defendants admit the allegations of paragraph 152.

153. Paragraph 153 describes the contents of a letter written by John Doe 3's parish priest. Defendants state the letter speaks for itself and deny allegations characterizing the document's contents.

154. Defendants admit the allegations of paragraph 154.

155.     Defendants affirmatively state that John Doe 3's request for religious accommodation was reconsidered under the September 24 policy, and the request has been accommodated with an arrangement whereby John Doe 3 works remotely.  Defendants admit that while he works remotely, John Doe 3 is not required to be vaccinated.  Defendants have insufficient information to admit or deny the remaining allegations of paragraph 155 and therefore deny them.

156.     Defendants have insufficient information to admit or deny the remaining allegations of paragraph 156 and therefore deny them.

**John Doe 4**

157.     Defendants have insufficient information to admit or deny John Doe 4's religious beliefs and thus deny allegations concerning his beliefs. Defendants admit the remaining allegations of paragraph 157.

158.     Defendants admit that John Doe 4 wrote a letter regarding his religious opposition to the COVID-19 vaccines, and that the letter contained, in part, the language cited in paragraph 158.

159.     Defendants admit the allegations of paragraph 159.  Defendants affirmatively state that the denial was based on a policy that was repealed and replaced by the September 24 policy and that John Doe 4's request for religious accommodation was reconsidered under the September 24 policy.

160.    The letter referred to in paragraph 160 speaks for itself, and Defendants deny allegations characterizing the document's contents. Defendants deny that John Doe 4's employment was terminated.

161.    Defendants state the letter referenced in paragraph 161 speaks for itself and deny allegations characterizing the document's contents. Defendants admit that John Doe 4's pay initially was docked. Defendants affirmatively state that John Doe 4 has been deemed to be an essential employee and that he has been paid in full for the work he continues to do at the Anschutz Medical Campus.

**John Doe 5**

162.    Defendants admit that John Doe 5 describes himself as a practicing Christian opposed to abortion. Defendants have insufficient information to admit or deny the remaining allegations of paragraph 162 and thus deny them.

163.    Defendants admit the allegations of paragraph 163.

164.    Defendants admit the allegations of paragraph 164. Defendants affirmatively state that the denial was based on a policy that was repealed and replaced by the September 24 policy and that John Doe 5's request for religious accommodation was reconsidered under the September 24 policy.

165.    Defendants admit that John Doe 5 works remote from any Anschutz facility and admit that he is not required to be vaccinated in order to

perform work remotely. Defendants have insufficient information to admit or deny the remaining allegations of paragraph 165 and therefore deny them.

166. Defendants have insufficient information to admit or deny the remaining allegations of paragraph 165 and therefore deny them.

**John Doe 6**

167. Paragraph 167 refers to documents or emails exchanged by John Doe 6 and the Vaccine Verify team. Defendants state that the documents speak for themselves and deny allegations characterizing the documents' contents.

168. Paragraph 168 refers to documents or emails concerning John Doe 6's request for religious accommodation. Defendants state that the documents and emails speak for themselves and deny allegations characterizing the documents' contents. Defendants deny the remaining allegations of paragraph 168.

169. Defendants admit that John Doe 6 met with Defendant Zimmer and admit that she advised him that a request for accommodation based on personal beliefs would be denied. Defendants state that at the time the meeting occurred, the policy allowed accommodations to those whose objections were based on religious beliefs whose teachings were opposed to all immunizations. With respect to the contents of a letter written by Dr. Zimmer to John Doe 6, the letter speaks for itself. Defendants deny allegations characterizing the document's contents. Defendants deny the remaining allegations of paragraph 169.

170.     Defendants admit the allegations of paragraph 170.

171.     Defendants admit the allegations of paragraph 171.

172.     Defendants admit that one student in the anesthesiology department's master's program who had a medical exemption was mistakenly allowed to work for a limited time in a clinical setting.  Defendants affirmatively state that the error was rectified, and by December 2021, that student was no longer permitted in a clinical setting.  Defendants deny the remaining allegations of paragraph 172.

**John Doe 7**

173.     Defendants admit the allegations of paragraph 173, except that Defendant has insufficient information as to allegations as to John Doe 7's religious practices or beliefs and thus denies them.

174.     Defendants admit the allegations of paragraph 174.

175.     Defendants admit the allegations of paragraph 175.  Defendants affirmatively state that the denial was based on a policy that was repealed and replaced by the September 24 policy and that John Doe 7's request for religious accommodation was reconsidered under the September 24 policy.

176.     Defendants admit that John Doe 7 works remote from any Anschutz facility and that his remote work does not require him to be vaccinated.  Defendants affirmatively state that John Doe 7's request for religious accommodation was reconsidered under the September 24 policy and that Defendants accommodated the request by allowing him to work remotely.

Defendants have insufficient information to admit or deny the remaining allegations of paragraph 176 and therefore deny them.

177.    Defendants have insufficient information to admit or deny the allegations of paragraph 177 and therefore deny them.

178.    Defendants deny the allegations in subheading D.  With respect to the allegations of paragraph 178, the correspondence Plaintiffs reference in the paragraph speaks for itself, and Defendants deny allegations characterizing the content of the correspondence.  Defendants deny the remaining allegations of paragraph 178.

179.    Defendants admit that Jane Doe 1's request for a religious accommodation was denied because the September 1 policy allowed religious accommodations based on beliefs whose teachings were opposed to all immunizations.  Defendants deny the remaining allegations of paragraph 179. Defendants affirmatively state that the allegations of 179 refer to the September 1 policy, which was repealed and replaced by the September 24 policy.   The Court has dismissed all claims related to the September 1 policy.

180.    Defendants deny the allegations of paragraph 180.

181.    Defendants deny the allegations of paragraph 181.

182.    Defendants state the correspondence Plaintiffs reference in the paragraph speaks for itself, and Defendants deny allegations characterizing the content of the correspondence.  Defendants deny the remaining allegations of paragraph 182.

183.    Defendants state the correspondence Plaintiffs reference in the paragraph speaks for itself, and Defendants deny allegations characterizing the content of the correspondence.  Defendants deny the remaining allegations of paragraph 183.

184.    Defendants admit that the use of PPE and other precautionary measures have been helpful in reducing the transmission of COVID-19.  Defendants also admit that fourth year medical students work extensively in clinical settings.  Defendants deny the remaining allegations of paragraph 184.

185.    Defendants admit that Jane Doe 1 worked at Children's Hospital Colorado Springs in September 2021.  Defendants admit that John Doe 4 works on campus, but affirmatively state that he is an essential employee who works in a dedicated workspace, alone, with the door closed, with no in-person contact with his team, and with no work-related access to the rest of the campus.  Defendants deny the remaining allegations of paragraph 185.

186.    Defendants admit that some Plaintiffs work or worked in whole or part in locations away from the Anschutz Medical Campus.  Defendants have insufficient information to admit or deny the remaining allegations of paragraph 186 and therefore deny them.

187.    Defendants deny the allegations of paragraph 187.

188.    The studies or documents referred to in paragraph 188 speak for themselves, and Defendants deny allegations characterizing the content of these studies.  Defendants have insufficient information to admit or deny

allegations concerning the motivations of Jane Doe 1 and thus deny these allegations. Defendants deny the remaining allegations of paragraph 188.

189. Defendants admit that John Doe 1 has stated he has sincere religious reasons for not taking a COVID-19 vaccine. Defendants deny the remaining allegations of paragraph 189. Defendants affirmatively state that the allegations of 189 refer to a policy that was repealed and replaced by the September 24 policy.

190. Defendants admit that Plaintiffs have correctly quoted a portion of Dr. Zimmer's communication with John Doe 1. Defendants deny the remaining allegations of paragraph 190. Defendants affirmatively state that the allegations of 190 refer to a policy that was repealed and replaced by the September 24 policy.

191. Defendants have insufficient information to admit or deny allegations concerning policies of other hospitals and medical schools and therefore deny the allegations of paragraph 191.

192. Defendants deny the allegations of paragraph 192.

193. Paragraph 193 contains speculation. The paragraph contains no assertion of fact requiring a response. To the extent a response to these allegations is required, Defendants deny the allegations of paragraph 193.

194. Defendants state the document referred to in paragraph 194 speaks for itself and deny any allegations characterizing the document. Defendants deny the remaining allegations of paragraph 194.

195. Defendants state the documents referred to in paragraph 195 speak for themselves. Defendants have insufficient information to admit or deny the remaining allegations of paragraph 195 and thus deny them.

196. Defendants have insufficient information to admit or deny the allegations of paragraph 196 and thus deny them.

197. The document reference in paragraph 197 speaks for itself, and Defendants deny any characterization of its contents.

198. Paragraph 198 contains allegations quoting the content of an unidentified document. Defendants state that the document speaks for itself and deny any characterization of its content.

199. Defendants have insufficient information to admit or deny the allegations of paragraph 199 and thus deny them.

200. Defendants have insufficient information to admit or deny the allegations of paragraph 200 and thus deny them.

201. Defendants admit that the University of Colorado School of Dental Medicine is the only accredited dental school in Colorado. Defendants have insufficient information to admit or deny the remaining allegations of paragraph 201 and thus deny them.

202. Defendants have insufficient information to admit or deny the allegations of paragraph 202 and thus deny them.

203. Defendants have insufficient information to admit or deny the allegations of paragraph 203 and therefore deny them.

204.     Defendants deny the allegations of paragraph 204.

205.     Paragraph 205 contains Plaintiffs' arguments and speculation supporting their theory of the case.  The paragraph contains no assertion of fact requiring a response.  To the extent a response to these allegations is required, Defendants deny the allegations of paragraph 205.

206.     Defendants have insufficient information to admit or deny the allegations of paragraph 206 and therefore deny them.  Defendants affirmatively state that the Court has allowed Plaintiffs to proceed anonymously.

207.     With respect to the allegations of paragraph 207, the comments made by individuals speak for themselves.  Defendants deny allegations characterizing these comments.

208.     With respect to the allegations of paragraph 208, the comments made by individuals speak for themselves.  Defendants deny allegations characterizing these comments.

209.     Paragraph 209 contains Plaintiffs' arguments and speculation supporting their theory of the case.  The paragraph contains no assertion of fact requiring a response.  To the extent a response to these allegations is required, Defendants deny the allegations of paragraph 209.

210.     Paragraph 210 contains Plaintiffs' arguments and speculation supporting their theory of the case.  The paragraph contains no assertion of

fact requiring a response.  To the extent a response to these allegations is required, Defendants deny the allegations of paragraph 210.

211.    Paragraph 211 contains as assertion of Plaintiffs' legal position. The paragraph contains no assertion of fact requiring a response.  To the extent a response to these allegations is required, Defendants deny the allegations of paragraph 211.  Defendants affirmatively state that the Court has allowed Plaintiffs to proceed anonymously.

**Count 1**

212. Defendants respond to the allegations of paragraph 212 as stated in this Answer in response to paragraphs 1-211.

213.    Paragraph 213 contains legal conclusions requiring no response from Defendants.  If a response is required, Defendants deny abridging Plaintiffs' First Amendment rights.

214.    Defendants admit that Plaintiffs assert they have sincerely held religious beliefs compelling them to refuse the vaccines available in 2021. Defendants deny the remaining allegations of paragraph 214.

215.    Defendants deny the allegations of paragraph 215.  Defendants affirmatively state that all claims related to the September 1 policy have been dismissed.

216.    Defendants deny the allegations of paragraph 216.  Defendants affirmatively state that all claims related to the September 1 policy have been dismissed.

217. Defendants deny the allegations of paragraph 217. Defendants affirmatively state that all claims related to the September 1 policy have been dismissed.

218. Defendants deny the allegations of paragraph 218. Defendants affirmatively state that all claims related to the September 1 policy have been dismissed.

219. Defendants deny the allegations of paragraph 219. Defendants affirmatively state that all claims related to the September 1 policy have been dismissed.

220. Defendants deny the allegations of paragraph 220. Defendants affirmatively state that all claims related to the September 1 policy have been dismissed.

221. Defendants deny the allegations of paragraph 221. Defendants affirmatively state that all claims related to the September 1 policy have been dismissed.

222. Defendants deny the allegations of paragraph 222. Defendants affirmatively state that all claims related to the September 1 policy have been dismissed.

223. Defendants deny the allegations of paragraph 223. Defendants affirmatively state that all claims related to the September 1 policy have been dismissed.

224. Defendants deny the allegations of paragraph 224. Defendants affirmatively state that all claims related to the September 1 policy have been dismissed.

225. Defendants deny the allegations of paragraph 225. Defendants affirmatively state that all claims related to the September 1 policy have been dismissed.

226. Defendants deny the allegations of paragraph 226. Defendants affirmatively state that all claims related to the September 1 policy have been dismissed.

227. Defendants deny the allegations of paragraph 227. Defendants affirmatively state that all claims related to the September 1 policy have been dismissed.

228. Defendants deny the allegations of paragraph 228.

229. Defendants deny that Plaintiffs are entitled to relief and therefore deny the allegations of paragraph 229.

**Count II**

230. Defendants respond to the allegations of paragraph 230 stated in this Answer in response to paragraphs 1-228.

231. Paragraph 231 contains legal conclusions requiring no response from Defendants. If a response is required, Defendants deny abridging Plaintiffs' First Amendment rights.

232.     Defendants deny the allegations of paragraph 232.  Defendants affirmatively state that all claims related to the September 1 policy have been dismissed.

233.     Defendants deny the allegations of paragraph 233.  Defendants affirmatively state that all claims related to the September 1 policy have been dismissed.

234.     Defendants deny the allegations of paragraph 234.  Defendants affirmatively state that all claims related to the September 1 policy have been dismissed.

235.     Defendants deny the allegations of paragraph 235.  Defendants affirmatively state that all claims related to the September 1 policy have been dismissed.

236.     Defendants deny the allegations of paragraph 236.  Defendants affirmatively state that all claims related to the September 1 policy have been dismissed.

237.     Defendants deny the allegations of paragraph 237.  Defendants affirmatively state that all claims related to the September 1 policy have been dismissed.

238.     Defendants deny that Plaintiffs are entitled to relief and thus deny the allegations of paragraph 238.

239.	Defendants deny that Plaintiffs are entitled to relief and thus deny the allegations of paragraph 239.  Defendants affirmatively state that Plaintiffs' claims for damages have been dismissed.

240.	Defendants deny that Plaintiffs are entitled to relief and thus deny the allegations of paragraph 240.

**Count III**

241.	Defendants respond to the allegations of paragraph 241 as stated in this Answer in response to paragraphs 1-237.

242.	Paragraph 242 contains legal conclusions requiring no response from Defendants.  If a response is required, Defendants deny abridging Plaintiffs' Fourteenth Amendment rights.

243.	Defendants deny the allegations of paragraph 243.  Defendants affirmatively state that all claims related to the September 1 policy have been dismissed.

244.	Defendants deny the allegations of paragraph 244.  Defendants affirmatively state that all claims related to the September 1 policy have been dismissed.

245.	Defendants deny the allegations of paragraph 245.  Defendants affirmatively state that all claims related to the September 1 policy have been dismissed.

246.	Defendants deny the allegations of paragraph 246.

247. Defendants deny that Plaintiffs are entitled to relief and thus deny the allegations of paragraph 247.

248. Defendants deny that Plaintiffs are entitled to relief and thus deny the allegations of paragraph 248. Defendants affirmatively state that Plaintiffs' claims for damages have been dismissed.

249. Defendants deny that Plaintiffs are entitled to relief and thus deny the allegations of paragraph 249.

**Count IV[6]**

250. Defendants respond to the allegations of paragraph 250 as stated in this Answer in response to paragraphs 1-245.

251. With respect to the allegations of paragraph 251, Defendants admit that Plaintiffs have correctly cited language from 42 U.S.C. § 12133.

252. With respect to the allegations of paragraph 252, Defendants admit that Plaintiffs have correctly cited language from 42 U.S.C. § 12102.

253. Defendants deny the allegations of paragraph 253.

254. Defendants deny the allegations of paragraph 254.

255. Defendants deny the allegations of paragraph 255.

256. Defendants deny that Plaintiffs are entitled to relief and thus deny the allegations of paragraph 256. Defendants affirmatively state that Plaintiffs' claims for damages have been dismissed.

257. Defendants deny the allegations of paragraph 257.

---

[6] Count IV has been dismissed. ECF Nos. 97, 98.

**Count V**

258.    Defendants respond to the allegations of paragraph 258 as stated in this Answer in response to paragraphs 1-251.

259.    With respect to the allegations of paragraph 259, Defendants admit that Plaintiffs have correctly quoted a portion of Article II, section 4 of the Colorado Constitution.

260.    Defendants deny the allegations of paragraph 260.  Defendants affirmatively state that all claims related to the September 1 policy have been dismissed.

261.    Defendants deny the allegations of paragraph 261.  Defendants affirmatively state that all claims related to the September 1 policy have been dismissed.

262.    Defendants deny the allegations of paragraph 262.

263.    Defendants deny that Plaintiffs are entitled to relief and thus deny the allegations of paragraph 263.

264.    Defendants deny that Plaintiffs are entitled to relief and thus deny the allegations of paragraph 264.  Defendant affirmatively state that all claims for damages have been dismissed.

265.    Defendants deny that Plaintiffs are entitled to relief and thus deny the allegations of paragraph 265.

**Prayer for Relief**

Defendants deny that Plaintiffs are entitled to any relief, including any of the relief they request in their Prayer for Relief.

## GENERAL DENIAL

Defendants deny all allegations in the Amended Complaint not specifically admitted in this Answer.

## AFFIRMATIVE DEFENSES

1.      Plaintiffs have failed, in whole or part, to state claims for relief that may be granted.

2.      Plaintiffs' claims are barred, in whole or part, by the doctrine of qualified immunity.

3.      Plaintiffs' claims may be barred because some or all Plaintiffs lack the standing to assert them.

4.      Plaintiffs' claims may be barred by Eleventh Amendment immunity.

5.      Some or all Defendants may not be proper parties to some or all Plaintiffs' claims.

6.      Plaintiffs have been afforded all the rights, privileges, and immunities granted by the United States Constitution, the Colorado Constitution, and state and federal law.

7. Defendants' policies are consistent and comply with federal law, including Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act.

8. Defendants have not knowingly or intentionally waived any applicable affirmative defenses and may assert additional affirmative defenses. Defendants reserve the right to assert additional affirmative defenses or rescind affirmative defenses as may be supported by the evidence as it develops.

WHEREFORE, having answered the Plaintiffs' Amended Complaint, Defendants respectfully request that this Court enter judgment in their favor and against Plaintiffs, and award them their costs, attorney's fees, and such other and further relief as the Court deems just and proper.

DATED this 24th day of October, 2022.

PHILIP J. WEISER
Attorney General

*/s/ Kathleen Spalding*
Kathleen Spalding*
Lauren Davison*
Megan Paris Rundlet*
Assistant Attorneys General
1300 Broadway, 10th Floor
Denver, CO 80203
(720) 508-6000
Kit.spalding@coag.gov
Lauren.davison@coag.gov
Megan.rundlet@coag.gov

ATTORNEYS FOR DEFENDANTS