IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| JANE DOE 1 through 10, and JOHN DOES 1 through 7, | |
| Plaintiffs, | |
| v. | No. 21 CV 2637 |
| BOARD OF REGENTS of the UNIVERSITY OF COLORADO, | |
| TODD SALIMAN, President of the University of Colorado, in his official capacity, | The Hon. Raymond P. Moore U.S. District Judge |
| DONALD ELLIMAN, Chancellor of the University of Colorado Anschutz School of Medicine, in his official & personal capacity, | |
| SHANTA ZIMMER, M.D., Senior Associate Dean of Medical Education, University of Colorado Anschutz School of Medicine, in her official & personal capacity, | |
| JOHN & JANE DOES 1-9, members of the Vaccine Verify team, in their official & personal capacities, | |
| Defendants. | |

**SECOND SUPPLEMENTAL VERIFIED AMENDED & SUPPLEMENTAL COMPLAINT ON BEHALF OF JANE DOE 3
FOR TEMPORARY AND PERMANENT INJUNCTION AND DAMAGES**

### I.   PARTIES

1. The only Plaintiff to which this supplemental complaint applies is Dr. Jane Doe 3.

2. On September 29, 2021, Plaintiffs filed their Complaint for Temporary and Permanent Injunction and Damages.

1

3. On November 4, 2021, Plaintiffs filed their Verified Amended & Supplemental Complaint for Temporary and Permanent Injunction and Damages. Plaintiff Jane Doe 3 hereby realleges and incorporates each and every allegation in the Verified Amended & Supplemental Complaint for Temporary and Permanent Injunction and Damages and in as if fully set forth herein.

4. There is no change to Defendants between the Verified Amended & Supplemental Complaint for Temporary and Permanent Injunction and Damages and this .

## II.    JURISDICTION AND VENUE

5. This Court continues to have jurisdiction over the instant matter pursuant to 28 U.S.C. §§ 1331 and 1343.

6. Venue remains proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

7. This Court is authorized to grant declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, implemented through Rule 57 of the Federal Rules of Civil Procedure.

8. This Court is authorized to grant Plaintiff Dr. Jane Doe 3's prayer for temporary, preliminary, and permanent injunctive relief pursuant to Rule 65 of the Federal Rules of Civil Procedure.

9. This Court is authorized to grant Plaintiff Jane Doe 3's prayer for relief regarding costs, including reasonable attorney fees, pursuant to Title VII of the Civil Rights Act of 1964.

## III.    EXHAUSTION OF ADMINISTRATIVE REMEDIES

10. Plaintiff timely filed charges of discrimination with the EEOC and Colorado Civil Rights Division in Denver, Colorado.

11. On May 11, 2023, Plaintiff requested her Notice of Right to Sue from the EEOC, more than 180 days having elapsed from the date of filing the charge. The Notice of Right to Sue must be provided pursuant to governing law, and Jane Doe 3 anticipates receiving this Notice in the next few days.

### IV.     GENERAL ALLEGATIONS

12. Plaintiff seeks relief against Defendant on the ground that Defendant has violated Title VII of the Civil Rights Act of 1964, 42 U.S. § 2000e et seq. ("Title VII").

13. CU is an employer within the meaning of Title VII.

14. The timeliness and jurisdictional requirements of Title VII have been met.

15. The onset of COVID led to marked changes in societal dynamics, including at Anschutz Medical Campus.

16. Initially, campus was substantially shut down, including for Dr. Jane Doe 3. Then in May 2020, Dr. Jane Doe 3 returned to campus as an essential worker because there were patients who needed to be seen by her.

17. From May 2020 to September 2021, Dr. Jane Doe 3 treated patients freely at CU Anschutz.

18. However, in April 2021, the University announced the impending imposition of its vaccination mandate at all campuses in the form of APS 3012. The mandate was to take effect on September 1, 2021.

19. On September 13, 2021, Dr. Jane Doe 3 submitted a request for religious exemption. On September 17, 2021, the University denied a reasonable religious accommodation based on her religion (Catholicism) and/or in retaliation for engaging in protected activity.

20. Dr. Jane Doe 3 is a member of a protected class based on her religion (Catholicism). Her sincerely held religious beliefs include, but are not limited to, opposing the use of aborted human fetuses in attempts to treat various diseases, prevent viruses, or perform medical research. Therefore, her beliefs conflict with obtaining the COVID-19 vaccine and/or complying with the University's COVID-19 vaccination mandate.

21. On September 20, 2021, Dr. Jane Doe 3 resubmitted her medical exemption request. The University denied that request on September 22, 2021 in violation of her rights and because of her protected classes and/or in retaliation for engaging in protected activity.

22. On September 23, 2021, Dr. Jane Doe 3 submitted a request for reasonable accommodations under the ADA. The University denied that request based on her religion (Catholicism) and/or in retaliation for engaging in protected activity on October 5, 2021.

23. On September 24, 2021, Dr. Jane Doe 3 was told not to return to campus and that her badge access had been shut off.

24. On October 7, 2021, Dr. Jane Doe 3 met with departmental and divisional administration regarding the transfer of her responsibilities to others. During that meeting, University representatives told her that unless she were to get vaccinated for COVID-19, she would be suspended without pay the following week and terminated a month later.

25. Despite the CDC's July and August 2021 acknowledgments that the unvaccinated pose no greater threat than the vaccinated, the University's stated reason for the denial of Dr. Jane Doe 3's exemptions was, and is, that while unvaccinated, she posed too great a threat to other staffers, students, and patients to be allowed on campus for work-related activities, although she could be, and has been, on campus for other reasons.

26. On October 12, 2021 the University followed through with its threat to place Dr. Jane Doe 3 on suspension from her faculty position without pay. She has been under that unpaid suspension ever since.

27. Grants are substantially how professor/researchers secure their income. As a result of the University's denials of her medical and religious exemptions and its corresponding suspension of her faculty appointment, Dr. Jane Doe 3 lost multiple grants and grant opportunities, including a prestigious grant for which she was a finalist but from which competition she was forced to withdraw. Additionally, Dr. Jane Doe 3 was prohibited from submitting applications for additional grants.

28. Dr. Jane Doe 3 was also pulled out of the successful lupus clinical trials program that she had started. As a result, she lost multiple contracts that would have supported her salary, her study coordinator's salary, and her lupus research. Any remaining funds could have been reserved to fund her future research.

29. Dr. Jane Doe 3 was the principal clinical trials investigator for the University of Colorado site in an international consortium of clinical investigators, but she lost that role when she was suspended.

30. Because of her disappearance from the competitive grants and from events locally and around the country, Dr. Jane Doe 3 also lost her reputation.

31. Amid all of this, the Veterans Administration (VA), where Dr. Jane Doe 3 spent roughly half of her time, approved both her medical and religious exemptions without question. Dr. Jane Doe 3 was able to see patients at the VA without interruption.

32. In December, 2021, the University's intellectual property arm, CU Innovations, notified Dr. Jane Doe 3 that it did not have an interest in prosecuting the patent on her invention to treat lupus patients without her.

33. In January 2022, Dr. Jane Doe 3 actively sought the release of the intellectual property to her pursuant to the University's Administrative Policy Statement (APS) 1013. For the next eight months, and again beginning six months after that and continuing to this day, the University refused to release to her the rights to her intellectual property as required by APS 1013. Instead, the University led Dr. Jane Doe 3 on an excursion whereby it led her to believe that it would release the property to her only to refuse to do so according to the terms of APS 1013. During this period, the University has put the patent to the property in peril of being considered abandoned, and it has attempted to lure Dr. Jane Doe 3 into signing a document that purports to be a release of the property but which also carries broad liability releases to release the University from its misdeeds in connection with her employment.

34. In February 2022, the Chair of the Department of Medicine at the University's School of Medicine, Dr. Vineet Chopra, emailed Dr. Jane Doe 3 to emphasize that if she would just get vaccinated, she could be reinstated quickly and that if she would not get vaccinated, he would recommend her termination.

35. On June 1, 2022, Dr. Chopra began to make good on his threat to terminate Dr. Jane Doe 3 by sending her a letter giving her a year's notice until the non-renewal of her contract.

36. The non-renewal—amounting to the unlawful firing of Dr. Jane Doe 3— will be effective on June 1, 2023 unless an injunction issues to prevent Defendants from taking this ultimate step of terminating Dr. Jane Doe 3's employment and thereby permanently marring her

career in the course of running roughshod over her rights under Title VII as they relate to her religious beliefs and in retaliation for the same.

37. Despite her suspension based on her protected classes and/or in retaliation for engaging in protected activity in the form of not being vaccinated, Dr. Jane Doe 3 was a candidate for division head for the Division of Rheumatology from February to March 2022. In March 2022, Dr. Jane Doe 3's nascent candidacy for division head for the Division of Rheumatology was rejected.

38. In 2021 and 2022, Dr. Jane Doe 3 was up for promotion from associate professor to professor. On June 27, 2022, Dr. Jane Doe 3 received a letter from Vice Chancellor John Reilly that she had succeeded in being promoted to professor and that the promotion would be effective July 1, 2023. Her promotion was unanimously approved by the 7 members of the Departmental Advisory Committee and by all 14 members of the Faculty Promotions Committee, that her accomplishments in all evaluated domains - teaching, clinical activities, other (non-clinical) service activities, research (scholarship of discovery) and other scholarship activities (non-research related) – were given the highest rating of Excellent, and that her clear national and international reputation was noted.

39. Dr. Jane Doe 3 was also a candidate for tenure in 2022. In September 2022, her candidacy for tenure was infected by the lack of support from Dr. Chopra and Vice Chancellor Reilly, who had apparently adjusted their approach following Dr. Jane Doe 3's promotion to full professor in June. Both listed her unvaccinated status, which was for religious and medical reasons, as a primary reason for their lack of support.

## COUNT VI

### DENIAL OF RELIGIOUS EXEMPTION IN VIOLATION OF TITLE VII OF THE 1964 CIVIL RIGHTS ACT

40. Plaintiff Dr. Jane Doe 3 hereby realleges and adopt each and every allegation in this document and in Verified Amended & Supplemental Complaint for Temporary and Permanent Injunction and Damages as if fully set forth herein.

41. Plaintiff seeks relief against Defendant on the ground that Defendant has violated Title VII of the Civil Rights Act of 1964, 42 U.S. § 2000e et seq. ("Title VII").

42. Under Title VII, It shall be an unlawful employment practice for an employer (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

43. Dr. Jane Doe 3 repeatedly applied for religious exemption from the University's COVID-19 vaccination mandate that was announced on April 28, 2021, implemented on September 1, 2021, and modified September 24, 2021. The University repeatedly denied her exemption requests based on her protected classes and/or in retaliation for engaging in protected activity.

44. Dr. Jane Doe 3 was put on unpaid administrative leave and ultimately scheduled for non-renewal because of her religious beliefs, which dictate that she cannot be vaccinated against COVID-19.

45. The University's denial of her application for religious exemption is in violation of her rights under Title VII based on her religious faith (Catholicism).

46. In enacting and enforcing their policies, Defendants have violated Title VII.

47. Defendants' policy will compel loss of employment, loss of wages, benefits, grants and grant opportunities, loss of reputation, loss of intellectual property rights and/or value, and Plaintiffs' consequent inability to pursue their chosen profession, and so has harmed Plaintiffs.

## COUNT VII
## TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

48. Plaintiff Dr. Jane Doe 3 hereby realleges and adopt each and every allegation in this document and in Verified Amended & Supplemental Complaint for Temporary and Permanent Injunction and Damages as if fully set forth herein.

49. Plaintiff Dr. Jane Doe 3 has been deprived of her right to maintain her religious beliefs in violation of Title VII, among other laws.

50. Defendants' plan to carry out their non-renewal of Dr. Jane Doe 3's contract is their way of pretending not to fire her and of simultaneously avoiding the procedural protections in place under the Regent Laws of the University of Colorado. Let there be no mistake, however, Defendants' non-renewal plan amounts to a termination, and Defendants have threatened to do so in writing on multiple occasions. It was only when it came time to act on their plan that they hatched their plan to not renew Dr. Jane Doe 3.

51. Defendants intend to take the decisive step in their campaign to deprive Dr. Jane Doe 3 of her rights by firing her on the basis of her protected class or classification in because of her religious beliefs and/or in retaliation for those beliefs and in open violation of the protections of Title VII.

52. Defendants' actions in this regard are unquestionably illegal and must be stopped before they inflict the ultimate damage on Dr. Jane Doe 3's career: termination.

53. Termination in Dr. Jane Doe 3's field of medicine as a professor, a researcher, and a clinician will prevent her from employment of the same nature at any other comparable position and will forever prevent not only her employment but also her teaching, her research, and a range of associated opportunities.

54. The career damage from being terminated by Defendants will truly be irreparable to the point that Dr. Jane Doe 3 will likely never find similar employment again.

55. Further, Defendants plan to carry out their termination based on Dr. Jane Doe 3's religious belief precluding her vaccination for COVID-19 right around the time that the federal government is expected to issue new guidance to medical facilities operating under the auspices of the Centers for Medicare and Medicaid Services. Since November 5, 2021, the University has been governed in part by the CMS vaccination mandate. However, on May 1, 2023, CMS published a memorandum stating that the Public Health Emergency is over. Therefore, many expect that the vaccination requirement from CMS will disappear entirely. Defendants should not be permitted to fire a 26-year employee under false pretenses and in violation of Title VII in the days or hours before the stated reason for the firing evaporates.

56. Defendants will suffer absolutely no harm if a TRO and injunction are entered preventing them from not renewing Dr. Jane Doe 3. For, they are already not paying her, and she is already not working on campus. The threatened injury to Dr. Jane Doe 3 outweighs the injury that Defendants will suffer for, the Defendants will suffer no injury if an injunction against the termination/non-renewal of Dr. Jane Doe 3's contract takes place on June 1, 2023.

57. The TRO and injunction requested would be in the public interest. This is especially true in light of the illegal goals that Defendants employ, the ending of the public health emergency, and the imminent lifting of the CMS vaccination mandate.

## PRAYER FOR RELIEF

Wherefore, Plaintiff Jane Doe 3 respectfully prays for the following relief:

(A) That a temporary restraining order and preliminary injunction, followed by a permanent injunction, be entered (1) restraining and enjoining the Defendants, their officers, agents, employees, attorneys and successors in office, and all other persons in active concert or participation with them, from carrying out the non-renewal of Dr. Jane Doe 3's contract on June 1, 2023, (2) ordering that Plaintiff Dr. Jane Doe 3's current status as a faculty member on unpaid suspension be maintained until such time as this matter is decided on its merits or Dr. Jane Doe 3 and Defendants reach resolution independently, (3) ordering that Plaintiff Dr. Jane Doe 3 be granted her requested religious and medical exemptions pursuant to applicable law;

(B) That a declaratory judgment issue, declaring that the Policy's religious exemption provision, both on its face and as applied by Defendants, violates Title VII;

(C) That Plaintiff Dr. Jane Doe 3 be given an award of nominal damages, actual and compensatory damages, and punitive damages;

(D) That Plaintiff Dr. Jane Doe 3 be given an award of reasonable costs and expenses of this action, including reasonable attorney fees in accordance with Title VII;

(E) Such other and further relief as the Court deems equitable and just under the circumstances.

Respectfully submitted this 17th day of May 2023.

ILLUMINE LEGAL LLC

By: *J. Brad Bergford*
    J. Brad Bergford
    8055 E. Tufts Ave. Ste. 1350
    Denver, CO 80237
    brad@illuminelegal.com
    Attorney for Plaintiff Jane Doe 3

### CERTIFICATE OF SERVICE

    I hereby certify that on the 17th day of May 2023, a correct copy of the foregoing SECOND SUPPLEMENTAL VERIFIED AMENDED & SUPPLEMENTAL COMPLAINT ON BEHALF OF JANE DOE 3 FOR TEMPORARY AND PERMANENT INJUNCTION AND DAMAGES was filed and served via CM/ECF to the following:

Joseph Brown
Theresa Sidebotham
Telios Law PLLC
PO Box 3488
19925 Monument Hill Rd
Monument, CO 80132
jjb@telioslaw.com
tls@telioslaw.com

Michael McHale
Michael G. McHale, Attorney at Law
10506 Burt Cir, Ste 110
Omaha, NE 68114
mmchale@thomasmoresociety.org

HERMINE KALLMAN
University of Colorado
Office of University Counsel
1800 Grant Street, Suite 700
Denver, CO 80203
hermine.kallman@cu.edu

Peter Breen
Thomas More Society
309 W Washington St, Ste 1250
Chicago, IL 60606
privatrecht@gmail.com
pbreen@thomasmoresociety.org

Matthew J. Smith
Gregory Goldberg
Jessica J. Smith
Holland & Hart, LLP
555 17th Street, Suite 3200
Denver, CO 80202
mjsmith@hollandhart.com
ggoldberg@hollandhart.com
jjsmith@hollandhart.com