IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| JANE DOE 1 through 10, and JOHN DOES 1 through 7,<br><br>  Plaintiffs,<br><br>v.<br><br>BOARD OF REGENTS of the UNIVERSITY OF COLORADO,<br><br>TODD SALIMAN, President of the University of Colorado, in his official capacity,<br><br>DONALD ELLIMAN, Chancellor of the University of Colorado Anschutz School of Medicine, in his official & personal capacity,<br><br>SHANTA ZIMMER, M.D., Senior Associate Dean of Medical Education, University of Colorado Anschutz School of Medicine, in her official & personal capacity,<br><br>JOHN & JANE DOES 1-9, members of the Vaccine Verify team, in their official & personal capacities,<br><br>  Defendants. | No. 21 CV 2637<br><br><br><br><br><br>The Hon. Raymond P. Moore<br>U.S. District Judge |

**MOTION ON BEHALF OF JANE DOE 3 FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

        **I.**   **BACKGROUND**

1.  The only Plaintiff to which this Motion applies is Dr. Jane Doe 3.

2.  On September 29, 2021, Plaintiffs filed their Complaint for Temporary and Permanent Injunction and Damages.

3.  On November 4, 2021, Plaintiffs filed their Verified Amended & Supplemental Complaint for Temporary and Permanent Injunction and Damages.

1

4. On May 24, 2023, the Court issued an order pertaining to the filing of this Motion.

5. This Court is authorized to grant Plaintiff Dr. Jane Doe 3's prayer for temporary, preliminary, and permanent injunctive relief pursuant to Rule 65 of the Federal Rules of Civil Procedure.

6. This Court is authorized to grant Plaintiff Jane Doe 3's prayer for relief regarding costs, including reasonable attorney fees, pursuant to Title VII of the Civil Rights Act of 1964.

7. Plaintiff seeks relief against Defendant on the ground that Defendant has violated Title VII of the Civil Rights Act of 1964, 42 U.S. § 2000e et seq. (Title VII).

## II.   GENERAL ALLEGATIONS

8. The University of Colorado is an employer within the meaning of Title VII and is represented by Defendants.

9. The timeliness and jurisdictional requirements of Title VII have been met.

10. The onset of COVID led to marked changes in societal dynamics, including at Anschutz Medical Campus.

11. Initially, campus was substantially shut down, including for Dr. Jane Doe 3. Then in May 2020, Dr. Jane Doe 3 returned to campus as an "essential" worker because there were patients who needed to be seen by her.

12. From May 2020 to September 2021, Dr. Jane Doe 3 treated patients without restriction at CU Anschutz.

13. However, in April 2021, the University announced the impending imposition of its vaccination mandate at all campuses in the form of APS 3012. The mandate was to take effect on September 1, 2021.

14. On September 13, 2021, Dr. Jane Doe 3 submitted a request for religious exemption. On September 17, 2021, the University denied a reasonable religious accommodation based on her religion (Catholicism) and/or in retaliation for engaging in protected activity.

15. Dr. Jane Doe 3 is a member of a protected class based on her religion (Catholicism). Her sincerely held religious beliefs include, but are not limited to, opposing the use of aborted human fetuses in attempts to treat various diseases, prevent viral infections, or perform medical research. Therefore, her beliefs conflict with obtaining the COVID-19 vaccine and/or complying with the University's COVID-19 vaccination mandate.

16. Dr. Jane Doe 3 submitted religious exemption requests on multiple occasions. The University denied each such request in violation of her rights and because of her protected classes and/or in retaliation for engaging in protected activity.

17. On September 23, 2021, Dr. Jane Doe 3 submitted a request for reasonable accommodations. The University denied that request based on her religion (Catholicism) and/or in retaliation for engaging in protected activity on October 5, 2021.

18. On October 4, 2021, Dr. Jane Doe 3 was told not to return to campus and that her badge access had been shut off.

19. On October 7, 2021, Dr. Jane Doe 3 met with departmental and divisional administration regarding the transfer of her responsibilities to others. During that meeting, University representatives told her that unless she were to get vaccinated for COVID-19, she would be suspended without pay the following week and terminated a month later.

20. Despite the CDC's July and August 2021 acknowledgments that the unvaccinated pose no greater threat than the vaccinated, the University's stated reason for the denial of Dr. Jane Doe 3's exemption requests was, and is, that while unvaccinated, she posed too great a

threat to other staffers, students, and patients to be allowed on campus for work-related activities, although she could be, and has been, on campus for other reasons.

21. On October 12, 2021 the University followed through with its threat to place Dr. Jane Doe 3 on suspension from her faculty position without pay. She has been under that unpaid suspension ever since. Ex. 1.

22. Amid all of this, the Veterans Administration (VA), where Dr. Jane Doe 3 had a concurrent appointment and where she spent roughly half of her time in connection with an agreement with Defendants, approved both her medical and religious exemptions without question. Dr. Jane Doe 3 was able to see patients at the VA without interruption until her appointment at the VA ended in October 2022 as a direct result of Defendants' imposition of the suspension of Plaintiff Jane Doe 3.

23. In February 2022, the Chair of the Department of Medicine at the University's School of Medicine, Dr. Vineet Chopra, emailed Dr. Jane Doe 3 to emphasize that if she would just get vaccinated, he would address a non-adverse performance matter that arose in the context of a peer review committee's findings and embark on an FPPE and she could be reinstated quickly. Conversely, if she would not get vaccinated, he would recommend her termination. Ex. 2.

24. On June 1, 2022, Dr. Chopra began to make good on his threat to terminate Dr. Jane Doe 3 by sending her a letter giving her a year's notice until the non-renewal of her contract. Ex. 3.

25. The non-renewal—amounting to the unlawful firing of Dr. Jane Doe 3— will be effective on June 1, 2023 unless an injunction issues to prevent Defendants from taking this ultimate step of terminating Dr. Jane Doe 3's employment and thereby permanently,

immediately, and irreparably marring her career in the course of running roughshod over her rights under Title VII as they relate to her religious beliefs and in retaliation for the same.

26. Despite her suspension based on her protected classes and/or in retaliation for engaging in protected activity in the form of not being vaccinated, Dr. Jane Doe 3 was a candidate for division head for the Division of Rheumatology from February to March 2022. In March 2022, Dr. Jane Doe 3's nascent candidacy for division head for the Division of Rheumatology was rejected without comment.

27. In 2021 and 2022, Dr. Jane Doe 3 was up for promotion from associate professor to professor. On June 27, 2022, Dr. Jane Doe 3 received a letter from Vice Chancellor John Reilly that she had succeeded in being promoted to professor and that the promotion would be effective July 1, 2022. Her promotion was unanimously approved by the 7 members of the Departmental Advisory Committee and by all 14 members of the Faculty Promotions Committee, her accomplishments in all evaluated domains - teaching, clinical activities, other (non-clinical) service activities, research (scholarship of discovery) and other scholarship activities (non-research related) – were given the highest rating of Excellent, and her clear national and international reputation was noted. Ex. 4.

28. In August 2022, Dr. Chopra stated that he would not support Dr. Jane Doe 3's candidacy for tenure because tenure would be awarded, if at all, after the non-renewal occurs. Ex. 9.

29. In September 2022, Dr. Jane Doe 3 inquired of Dean Reilly as to why she was slated for non-renewal of her contract. For the first time, Dean Reilly pointed to a peer review committee's non-adverse findings as part of the reason for her impending non-renewal (along with her status as unvaccinated).

30.     Dr. Jane Doe 3 was also a candidate for tenure in 2022. In November 2022, her candidacy for tenure was infected by a lack of support from Dr. Chopra, who, like Dean Reilly, had adjusted his approach following Dr. Jane Doe 3's promotion to full professor in June. For the first time, he listed the peer review committee findings (along with her status as unvaccinated) as a reason for his lack of support. Ex. 6.

31.     Plaintiff seeks emergency relief against Defendants in the form of a temporary restraining order and an injunction pursuant to Rule 65, Fed. R. Civ. P. on the ground that Defendant has violated Title VII of the Civil Rights Act of 1964, 42 U.S. § 2000e et seq. ("Title VII"), in furtherance of which the University has announced its intent to non-renew Jane Doe 3 after May 31, 2023.

32.     Under Title VII, it shall be an unlawful employment practice for an employer (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

33.     Dr. Jane Doe 3 repeatedly applied for religious exemption from the University's COVID-19 vaccination mandate that was announced on April 28, 2021, implemented on September 1, 2021, and modified September 24, 2021. The University School of Medicine repeatedly denied her exemption requests based on her protected classes and/or in retaliation for engaging in protected activity.

6

34. Dr. Jane Doe 3 applied for religious and medical exemptions to the vaccination mandate at University of Colorado Hospital, a close affiliate of Defendants. Both of those exemptions were approved. Ex. 7, 8.

35. Dr. Jane Doe 3 was put on unpaid administrative leave and ultimately scheduled for non-renewal because of her religious beliefs, which dictate that she cannot be vaccinated against COVID-19.

36. Defendants' denial of her application for religious exemption is in violation of her rights under Title VII based on her religious faith (Catholicism). This is particularly true in light of the fact that Dr. Jane Doe 3 was permitted to practice from May 2020 through September 2021 unvaccinated and because both UCHealth and the VA allowed her to see patients and to interact with staff and others with accommodations.

37. In enacting and enforcing their policies, Defendants have violated Title VII.

38. Defendants' policy is an unlawful termination in violation of Title VII and in violation of public policy. It will result in loss of further employment, wages, benefits, grants and grant opportunities, reputation, intellectual property rights and/or value, and Plaintiffs' consequent inability to pursue their chosen profession, and so will harm Plaintiff irreparably.

**TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

39. Plaintiff, Dr. Jane Doe 3, in violation of Title VII and other laws, has been deprived of her right to maintain and exercise her religious beliefs and to follow their dictates.

40. Defendants' plan to carry out their non-renewal of Dr. Jane Doe 3's contract is their way of pretending not to fire her and to simultaneously avoid the procedural protections in place under the Regent Laws of the University of Colorado for employees who are being fired. Let there be no mistake, however, Defendants' non-renewal plan is a termination, and

Defendants have threatened to do so in writing on multiple occasions. Ex. 1, 2, 3. It was only when it came time to act on their plan that Defendants hatched their pretextual and euphemistic plan to "not renew" the contract of Dr. Jane Doe 3, whose contract has been renewed for 26 straight years.

41. Defendants' promotion of Jane Doe 3 to full professor in the same month that they decided "not to renew" her contract is inconsistent with the decision not to renew her contract and further betrays their unlawful termination in violation of Title VII for, clearly, their "non-renewal" is not about her performance but rather a function of their unlawful discrimination.

42. Defendants intend to take the decisive step in their campaign to deprive Dr. Jane Doe 3 of her rights on June 1, 2023 by not renewing her contract.

43. Defendants' actions in this regard are unquestionably illegal and must be stopped before they inflict the ultimate and irreversible destruction on Dr. Jane Doe 3's career as a result of their termination of her employment—regardless how it is denominated.

44. Termination in Dr. Jane Doe 3's field of medicine as a professor, a researcher, and a clinician will prevent her from employment of the same nature at any other comparable position and will forever prevent not only her employment but also her teaching, her research, and a range of associated opportunities.

45. The career damage from being terminated by Defendants will truly be irreparable to the point that Dr. Jane Doe 3 is unlikely to ever find similar employment again because of the manner in which academia regards terminations of physician-scientists by universities and the concomitant fallout associated with the loss of grants and other indicia of successful academic careers and of financial benefit to prospective employer-universities.

8

46. Further, Defendants plan to carry out their termination right around the time that the federal government is expected to issue new guidance to medical facilities operating under the auspices of the Centers for Medicare and Medicaid Services (CMS). Since November 5, 2021, the University has been governed in part by the CMS vaccination mandate. However, on May 1, 2023, CMS published a memorandum in response to President Biden's signing of H.J.Res.7 stating that the Public Health Emergency is over. Therefore, many expect that the vaccination requirement that has applied to Defendants' medical school since November 5, 2021 will disappear entirely. Defendants should not be permitted to fire a 26-year employee under false pretenses and in violation of Title VII in the days or hours before the stated reason for the firing evaporates.

47. Defendants will suffer absolutely no harm if a TRO and injunction are entered preventing them from not renewing Dr. Jane Doe 3. For, they are already not paying her, and she is already not working on campus. The threatened injury to Dr. Jane Doe 3 will be extensive, as discussed above, and it far outweighs any injury that Defendants will suffer for, the Defendants will suffer no injury if an injunction against the termination/non-renewal of Dr. Jane Doe 3's contract takes place on June 1, 2023.

48. The requested TRO and injunction would be in the public interest because of the illegal means whereby Defendants intend to unlawfully terminate Jane Doe 3's employment based on religion, as well as the fact of the May 11, 2023 ending of the public health emergency, and the anticipated imminent lifting of the CMS vaccination mandate and rendering of new CMS guidance on the subject.

49. Plaintiff Jane Doe 3 is likely to succeed on the merits of her case because the Defendants have announced their illegal intention, then attempted to cloak those intentions in the

garb of a contract non-renewal, then pretended that a non-adverse peer review committee's findings influenced their decision, and soon will follow through on their threat. The Court is likely to recognize the reality of what Defendants are attempting and to rule in favor of Dr. Jane Doe 3 based upon Title VII law and the disingenuous nature of Defendants' actions.

50. Notably, the threatened injury dramatically outweighs the harm that would result to the Defendants if this Motion is granted. For, Jane Doe 3 seeks to preserve the status quo, requesting only that this honorable Court grant her Motion by preventing the non-renewal of her contract. Defendants' imposition of leave without pay for Jane Doe 3, although illegal and unjust, will continue unaffected until the case is decided on its merits or until Defendants relent from their unlawful actions.

51. No bond, or only a nominal bond, should be required of Plaintiff Dr. Jane Doe 3 because she has been without her University income since 2021. Defendants will experience little, if any, expense in connection with the granting of a temporary restraining order in this case. *See, Cont'l Oil Co. v. Frontier Ref. Co.*, 338 F.2d 780, 782 (10th Cir. 1964), explaining that Rule 65 leaves the requirement of a bond and its amount in the discretion of the District Judge.

52. Plaintiff Dr. Jane Doe 3 and counsel are available for a hearing in the coming days, with some notice.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff Jane Doe 3 respectfully prays for the following relief:

(A) That a temporary restraining order and preliminary injunction be entered (1) restraining and enjoining the Defendants, their officers, agents, employees, attorneys and successors in office, and all other persons in active concert or participation with them, from carrying out the non-renewal of Dr. Jane Doe 3's contract before, on, or after June 1, 2023, (2)

ordering that Plaintiff Dr. Jane Doe 3's current status as a faculty member on unpaid suspension be maintained until such time as this matter is decided on its merits or Dr. Jane Doe 3 and Defendants reach resolution independently;

(B) That Plaintiff Dr. Jane Doe 3 be excused from posting of a bond under Rule 65 or that only a nominal bond be ordered due to the fact that no expense will befall Defendants, except for providing her with a standard contract renewal form like the last several that she entered with Defendants;

(C) That the matter be scheduled for a hearing on this Motion;

(D) That Plaintiff Dr. Jane Doe 3 be given an award of reasonable costs and expenses of this action, including reasonable attorney fees in connection with the filing and prosecution of the TRO and preliminary injunction;

(E) Such other and further relief as the Court deems equitable and just under the circumstances.

Respectfully submitted this 30th day of May 2023.

ILLUMINE LEGAL LLC

By: ___*J. Brad Bergford*___
J. Brad Bergford
8055 E. Tufts Ave. Ste. 1350
Denver, CO 80237
brad@illuminelegal.com
Attorney for Plaintiff Jane Doe 3

Pursuant to 28 U.S.C. §1746, I verify under penalty of perjury that the foregoing is true and correct.

Executed on ___May 30, 2023___
             Date

___*Dr. Jane Doe 3*___
Signature—Dr. Jane Doe 3

11

## CERTIFICATE OF SERVICE

      I hereby certify that on the 30th day of May 2023, a correct copy of the foregoing MOTION ON BEHALF OF JANE DOE 3 FOR TEMPORARY AND PRELIMINARY INJUNCTION was filed and served via CM/ECF to the following:

Joseph Brown
Theresa Sidebotham
Telios Law PLLC
PO Box 3488
19925 Monument Hill Rd
Monument, CO 80132
jjb@telioslaw.com
tls@telioslaw.com

Michael McHale
Michael G. McHale, Attorney at Law
10506 Burt Cir, Ste 110
Omaha, NE 68114
mmchale@thomasmoresociety.org

HERMINE KALLMAN
University of Colorado
Office of University Counsel
1800 Grant Street, Suite 700
Denver, CO 80203
hermine.kallman@cu.edu

Peter Breen
Thomas More Society
309 W Washington St, Ste 1250
Chicago, IL 60606
privatrecht@gmail.com
pbreen@thomasmoresociety.org

Matthew J. Smith
Gregory Goldberg
Jessica J. Smith
Holland & Hart, LLP
555 17th Street, Suite 3200
Denver, CO 80202
mjsmith@hollandhart.com
ggoldberg@hollandhart.com
jjsmith@hollandhart.com