IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 21-cv-02637-RM-KMT

JANE DOES 1, 4-6, 8-11, and
JOHN DOES 1, 3-5, 7,

    Plaintiffs,

v.

DONALD M. ELLIMAN, Chancellor, University of Colorado Anschutz Medical Campus, in his official capacity,
SHANTA ZIMMER, M.D., Senior Associate Dean of Medical Education, University of Colorado School of Medicine, in her official capacity,
ERIC MEDIAVILLA, Associate Dean for Student Affairs, University of Colorado School of Dental Medicine, in his official capacity, and
ANN-MICHAEL HOLLAND, Master of Science Program Director, Department of Anesthesiology, in her official capacity,

    Defendants.

---

## ORDER

---

Before the Court is Plaintiff Jane Doe 3's Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 114), seeking, primarily, an order directing Defendants maintain her status as a faculty member on unpaid suspension until this matter is resolved. The Court denies the Motion for the reasons below.

**I.    LEGAL STANDARDS**

To obtain a temporary restraining order ("TRO") or injunctive relief in any other form, a plaintiff must establish "(1) a substantial likelihood of prevailing on the merits; (2) irreparable harm unless the injunction is issued; (3) that the threatened injury outweighs the harm that the

preliminary injunction may cause the opposing party; and (4) that the injunction, if issued, will not adversely affect the public interest." *Diné Citizens Against Ruining Our Environment v. Jewell*, 839 F.3d 1276, 1281 (10th Cir. 2016) (quotation omitted). The final two requirements merge when the government is the opposing party. *See Nken v. Holder*, 556 U.S. 418, 435 (2009). A TRO is an extraordinary remedy, and therefore the plaintiff must demonstrate a right to relief that is clear and unequivocal. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). The fundamental purpose of preliminary injunctive relief is to preserve the relative positions of the parties until a trial on the merits can be held. *Id.*

## II.    BACKGROUND

Plaintiffs in this case are current and former employees and students at the University of Colorado Anschutz Medical Campus who allege Defendants violated their rights by denying their requests for religious exemptions from the University's COVID-19 vaccination requirement. In September 2022, the Court granted in part Defendants' Motion to Dismiss, substantially narrowing the claims at issue in this case. (ECF No. 97.) Those claims do not include a Title VII claim. In May 2023, Plaintiff Jane Doe 3 filed a motion, which remains pending, seeking to add such a claim solely on her own behalf. (ECF No. 108.)

In her current Motion, Plaintiff Jane Doe 3, a campus employee, contends that because she refuses to get vaccinated for COVID-19 for religious reasons and has been denied a religious exemption, she has been suspended without pay since October 2021. (ECF No. 114, ¶¶ 17, 19, 21.) In June 2022, she was notified that if she did not get vaccinated, she would be terminated within one year. (*Id.* at ¶¶ 23, 24.) It appears that the approaching deadline of June 1, 2023, has prompted Plaintiff Jane Doe 3's recent motions.

**III.   ANALYSIS**

As the matter now stands, Plaintiff Jane Doe 3 has failed to establish a clear and unequivocal right to a TRO.

First, although she has made some references to the reputational harm she may suffer if her contract is new renewed, she has not shown how such harm differs from whatever harm she presumably is already suffering due to her unpaid suspension, which has been in effect since October 2021.  Nor has she shown that such harm would be irreparable and not adequately compensable with monetary damages.  As a result, the Court finds Plaintiff Jane Doe 3's contention that she will be subject to additional harm based on her "non-renewal" is largely speculative at this point.

Second, the fact that Plaintiff Jane Doe 3 has been on notice of her termination for a year and has chosen to wait until the eve of termination to seek extraordinary relief weighs against the notion that is a matter giving rise to irreparable harm if not prevented through the extraordinary remedy of a TRO.

Third, though Plaintiff Jane Doe 3's Motions is directed at elements of her Title VII claim, as explained in this Court's May 24, 2023, no such claim is currently pending in this case because Plaintiffs' Verified Complaint filed in November 2021 "is the operative Verified Complaint in this case." (ECF No. 113.)  Plaintiff Jane Doe 3 has failed to establish a likelihood of success on a theoretical Title VII claim for the additional reason that she has not established a crucial element of a prima facie case of discrimination—that her "non-renewal" arises in circumstances giving rise to an inference of discrimination.  *See EEOC v. PVNF, LLC*, 487 F.3d 790, 800 (10th Cir. 2007).  Thus, based on the posture of this case and the current record, the

Court finds Plaintiff Jane Doe 3 has not shown that she is substantially likely to prevail on the merits in this matter.

Fourth, while the final two requirements for a TRO present a closer question than the first two, Plaintiff Jane Doe 3 has not shown clearly and unequivocally that any harm she is likely to suffer outweighs to harm to Defendants and the public interest of requiring them to continue to renew, indefinitely, the contract of an employee who has been suspended without pay for well over a year while taking no action advance a claim that she now asserts as a basis for emergency relief.

## IV.   CONCLUSION

Accordingly, the Court finds the requirements for a TRO are not satisfied and DENIES Plaintiff Jane Doe 3's Motion (ECF No. 114) with respect to her request for a TRO.  With respect to any other relief requested, the Court SUSPENDS BRIEFING on the Motion until the Court has ruled on the pending Motion for Leave to File Supplemental Complaint (ECF No. 108).

DATED this 31st day of May, 2023.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge