IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No. 21-cv-2637-RM-KAS**

JANE DOE 9; and
JANE DOE 11

    Plaintiffs,

v.

REGENTS OF THE UNIVERSITY OF COLORADO d/b/a UNIVERSITY OF COLORADO HOSPITAL, a body corporate,

    Defendant.

---

**SECOND SUPPLEMENTAL COMPLAINT
OF JANE DOE 9 AND JANE DOE 11**

---

Plaintiffs Jane Doe 9 and Jane Doe 11 submit the following Second Supplemental Complaint against Defendant.

## I.  PARTIES

1.    This action was filed on September 29, 2021, by Jane Does 1 through 11 and John Does 1 through 7.

2.    This Second Supplemental Complaint is submitted by Jane Doe 9 and Jane Doe 11 **only**. The term "Plaintiffs" as used herein refers only to Jane Doe 9 and Jane Doe 11 and not to the other plaintiffs in this action.

3.    This Second Supplemental Complaint of Jane Doe 9 and Jane Doe 11 seeks relief against only one defendant. That defendant is Defendant Regents of the

1

University of Colorado d/b/a University of Colorado Hospital ("CU"). CU is a body corporate with an address of 12605 East 16th Avenue, Aurora, Colorado 80045.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

## III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. All prerequisites or conditions precedent to the institution of this suit have been met.

7. Plaintiffs filed timely charges of discrimination.

8. On July 25, 2023, the EEOC issued a Notice of Right to Sue to Jane Doe 9. This action was timely filed within ninety days of her receipt of the Notice of Right to Sue.

9. On June 29, 2023, the EEOC issued a Notice of Right to Sue to Jane Doe 11. This action was timely filed within ninety days of her receipt of the Notice of Right to Sue.

## IV. GENERAL ALLEGATIONS

10. Plaintiffs seek relief against Defendant on the ground that Defendant has violated Title VII of the Civil Rights Act of 1964, 42 U.S. § 2000e *et seq*. ("Title VII").

11. Defendant is an employer within the meaning of Title VII.

12. The timeliness and jurisdictional requirements of Title VII have been met.

**Allegations Regarding Jane Doe 9**

13. Jane Doe 9 held the position of Research Services Entry Professional, within the University of Colorado's School of Medicine, Department of Medicine, Division of Hospital Medicine. She began her employment with the University on April 1, 2021.

14. Jane Doe 9 was qualified for her job and performed her job duties satisfactorily.

15. On August 20, 2021, Jane Doe 9 emailed to Vaccine Verify on behalf of CU a form request to be exempted from the requirement to receive a COVID vaccine because of her religious opposition to the vaccines.

16. On August 24, in response to Vaccine Verify's emailed form, two question follow-up to such requests ("Please explain why your sincerely held religious belief, practice, or observance prevents you …" and "Have you ever had and influenza vaccine?"), Jane Doe 9 emailed the following response:

> 1. I am requesting exemption from both the flu vaccine and the COVID vaccine. Both are against my sincerely held religious belief/practice/observance because I believe my relationship with God is the ultimate source of healing. Vaccinations, in all their forms and mechanisms for altering my body, go against my faith and causes harm to my conscience because it would harm my relationship with God. My body is a Temple and I, guided by my deeply held religious convictions, determine what I will or will not put in my body.

3

2. As an adult, I have only ever received one flu shot when I started graduate school in 2018. However, this situation differs because my sincerely held religious beliefs/practices/observances began in 2019 when my relationship with God started, which is why I have not received a flu vaccine or any others since then.

17. On August 26, 2021, Vaccine Verify emailed Jane Doe 9 a form letter that was addressed simply "Hello," without any identification of its intended recipient. Notwithstanding Jane Doe 9's explicit statement that she objected to vaccinations "in all their forms," it said that Jane Doe 9's request was being denied "because it does not comply the campus policy, which only recognizes religious exemptions based on a religious belief whose teachings are opposed to all immunizations."

18. Jane Doe 9 responded to the religious exemption denial on August 26, 2021, and requested an appeal. On August 30, 2021, she submitted another request for reconsideration, stating that it is "against my sincerely held religious beliefs/practices/observances to partake in any and all forms of vaccinations" and "vaccinations, in all their forms and mechanisms for altering my body go against my faith."

19. On September 16th, one day after taking the initiative to email "Vaccine Verify" seeking an "update" on her religious exemption status, Jane Doe 9 received an email from the same Vaccine Verify confirming her denial. This time the letter stated Jane Doe 9 would "pose a significant health and safety threat to the University" and "pose an undue burden" to her coworkers.

20. CU terminated Jane Doe 9's employment on September 20, 2021.

4

21. CU never engaged in the interactive process with Jane Doe 9. CU never stated why granting her exemption request would be an undue burden.

**Allegations Regarding Jane Doe 11**

22. Jane Doe 11 was a Psychiatric Mental Health Nurse Practitioner at the Colorado Mental Health Institute at Pueblo, a facility operated by the Colorado Department of Human Services. Her position was contracted through the University of Colorado School of Medicine.

23. Jane Doe 11 was qualified for her job and performed her job duties satisfactorily.

24. On April 28, 2021, CU announced a university-wide policy that all staff and students must be vaccinated against COVID-19. Jane Doe 11 is a Christian and taking the COVID-19 vaccine violates her sincerely held religious beliefs. Accordingly, she requested an exemption from the mandate to accommodate her religious belief.

25. Prior to requesting her religious exemption from CU, Jane Doe 11 had requested, and promptly received, an exemption from the Colorado Department of Human Services, the owner and operator of the medical facility in Pueblo where she was physically located where she performed her job duties. In the course of performing her job duties, Jane Doe 11 was never physically present at CU's facility.

26. On September 1, 2022, CU adopted a policy that allowed a religious exemption from the mandate only on the following basis: "A religious exemption

5

may be submitted based on a person's religious belief whose teachings [*sic*] are opposed to all immunizations." This policy is clearly unconstitutional.

27.     In response to Jane Doe 11 request for exemption, "Vaccine Verify," on behalf of CU, sent the following email to her:

> Subject: Your Vaccine Religious Exemption Request
>
> Dear Employee,
>
> You have submitted a request for an exemption from the vaccination requirements set forth in the campus policy based on a religious exemption. In order to evaluate that request we need you to respond completely to the questions below within 2 business days of recipient [*sic*] of this email. After this information has been reviewed you will be advised as to whether your request for an exemption has been approved or rejected.
>
> Thank you for your prompt attention.
>
> The CU Anschutz Vaccine Verification Team
>
> 1. Please explain why your sincerely held religious belief, practice, or observance prevents you from getting the vaccination for which you are requesting an exemption? Please include a detailed response for each vaccine for which you are requesting an exemption.
>
> 2. Have you had an influenza or other vaccine in the past? How does this differ?

28.     On September 2, 2021, Jane Doe 11 sent the following reply to this email:

> Good afternoon. I have previously received a religious exemption VIA C[olorado] D[epartment of] H[uman] S[ervices] since we are required to complete this process for both institutions to keep our privileges here at C[olorado] M[ental] H[ealth] I[nstitute at] P[ueblo]. In response to your questions I can provide you the following information:
>
> 1:The Ten Commandments tell us "Thou shall not kill." Many of the vaccines that are administered in the United States, to include the Johnson and Johnson COVID19 vaccination are initially derived from

6

live attenuated viruses, which have been cultured in aborted fetal cell lines. Abortion results in a great loss of life and is not within my belief system as an act that should be supported and substances derived from these fetal cell lines should definitely not be injected into my body. Furthermore, the Bible teaches me that my body was created in the image of God, the temple of the Holy Spirit, and is a living sacrifice to the Lord. I truly hold the belief that Moderna, Pfizer, and Johnson and Johnson, and the up and coming NovaVax COVID19 vaccinations have the potential to cause harm to my body and have witnessed harm to others who have chosen to allow themselves to be vaccinated. In holding the sincere belief that this vaccination has the potential to cause harm to my body, it is a duty of God, on my behalf, to refuse this vaccination. Finally, the Bible decrees that I ought obey God rather than men and in my duty to be an obedient servant to the Lord, I must refuse to partake in this vaccination.

2: I have received vaccinations in the past. I was fully vaccinated as a child and this was my parents' choice, not mine. I also received the influenza vaccination after becoming an adult because I was told it was a requirement to complete my education and to work at my facility. I have done a lot of reflection with God and my religious beliefs over the course of COVID and have realized the importance of being firm with my convictions. I no longer plan on receiving vaccinations to include the ones that may be suggested as I age. As a person of religious conviction, it is important to do things that I believe in even if they cause me the slight inconvenience of having to wear extra PPE, rather than doing something I don't believe in to avoid wearing goggles or a face shield. Also, since I have become a health care provider I understand now, more than ever, the importance of freedom in medical and healthcare decisions.
Thank you for your time and consideration.

29. On September 7, 2021, Vaccine Verify emailed a form letter denial to Jane Doe 11. The form letter was addressed simply "Hello," without any identification of its intended recipient. The letter said that her request was being denied "because it does not comply the campus policy, which only recognizes religious exemptions based on a religious belief whose teachings are opposed to all immunizations."

30. Jane Doe 11 supervisors at the Colorado Mental Health Institute at Pueblo regarded her as a vital employee and, having already granted her an exemption from their own vaccine mandate to allow her to keep working, they allowed her to continue working at the Pueblo facility until they receive an explicit command from CU that barred her from that facility.

31. On October 27, 2021, Jane Doe 11's HR liaison at CU, Rachel Anderson, notified her by email (cc'ing her direct supervisor at the Pueblo facility) that:

> I was just notified by CU HR and legal that they are requesting that you begin the process of vaccination by the end of this week by either receiving the first dose of Pfizer/Moderna or the Johnson and Johnson vaccine. If you do not comply with this action, you will be put on unpaid administrative leave effective Monday 11/1/21 for 30 days to come into compliance, if you are not in compliance there may be other actions taken including potential termination.

32. Jane Doe 11 was placed on unpaid leave on November 1, 2021. CU terminated her employment on January 31, 2022.

33. CU never engaged in the interactive process with Jane Doe 11. CU never stated why granting her exemption request would be an undue burden. Nor could CU claim that granting the exemption was an undue burden, because granting the request would have required CU to do literally nothing, because she physically worked at a facility over 100 miles away from CU's facility.

## V.  FIRST CLAIM FOR RELIEF
**(Violation of Title VII – Religious Discrimination Failure to Accommodate)**

34. Plaintiffs hereby realleges the above allegations as if fully set forth herein.

8

35. Title VII prohibits Defendant from discriminating against its employees on the basis of their sincerely held religious beliefs.

36. Plaintiffs hold sincere religious beliefs that precludes them from receiving a COVID-19 vaccine.

37. Plaintiffs informed Defendant of those beliefs and requested religious exemptions and reasonable accommodations from the vaccine mandate.

38. Defendant failed to engage in the interactive process with Plaintiffs regarding their religious accommodation request.

39. Irrespective of the interactive process, Defendant failed to provide Plaintiffs with a religious exemption and reasonable accommodation, thereby discriminating against Plaintiffs because of their religious beliefs.

40. Plaintiffs' religious beliefs about receiving a COVID-19 vaccine were the basis for Defendant's discriminatory treatment.

41. Defendant's failure to even consider accommodating Plaintiffs' religious beliefs under any circumstances whatsoever harmed and will continue to harm Plaintiffs.

42. Accommodating Plaintiffs' religious beliefs would not have resulted in an undue hardship on Defendant.

43. Plaintiffs are entitled to all legal and equitable remedies available for Title VII violations, including compensatory damages.

### VI. SECOND CLAIM FOR RELIEF
**(Violation of Title VII – Religious Discrimination Wrongful Termination)**

44. Plaintiffs hereby realleges the above allegations as if fully set forth herein.

45. Title VII make it unlawful for an employer to discharge any individual, or to otherwise discriminate against any individual, with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's religion.

46. At the time of the discrimination, Plaintiffs were Defendant's employees and qualified in all respects to do their jobs competently.  Plaintiffs had sincere religious objections to receiving the COVID-19 vaccine.

47. Defendant terminated the employment of Plaintiffs after they refused to violate their conscience by subjecting themselves to Defendant's vaccination mandate.

48. Defendant's termination of Plaintiffs was an adverse employment action that materially and adversely changed the overall terms and conditions of their employment, in violation of Title VII.

49. Plaintiffs are entitled to all legal and equitable remedies available for Title VII violations, including compensatory damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that the Court:

A. Award Plaintiffs backpay, front pay, and other compensatory damages suffered by Plaintiffs, including future pecuniary losses, emotional pain, suffering,

inconvenience, mental anguish, loss of enjoyment of life, and nonpecuniary losses (or, in the alternative, reinstatement with backpay and other damages);

B. Award Plaintiffs the reasonable costs and expenses of this action, including reasonable attorneys' fees as required by law;

C. Award prejudgment and post judgment interest, as provided for by law; and

D. Grant such other and further relief as the Court deems equitable and just under the circumstances.

## JURY DEMAND

Plaintiffs request trial by jury on all claims.

*/s/ Barry K. Arrington*
_____
Barry K. Arrington
Arrington Law Firm
4195 Wadsworth Boulevard
Wheat Ridge Colorado 80033
Voice: (303) 205-7870; Fax: (303) 463-0410
Email: barry@arringtonpc.com

Shaun Pearman
The Pearman Law Firm, P.C.
4195 Wadsworth Boulevard
Wheat Ridge Colorado 80033
Phone Number: (303) 991-7600
Fax Number: (303) 991-7601
E-mail: shaun@pearmanlawfirm.com

*Attorneys for Plaintiffs Jane Doe 9 and Jane Doe 11 ONLY*